## Carmine Gaglione's Case.

Suffolk.   February 16, 1922. — March 4, 1922.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Carroll, JJ.

*Workmen's Compensation Act,* Injuries to which act applies. *Proximate Cause.*

An employee of one insured under the provisions of the workmen's compensation act received an injury resulting in a hernia on November 7, underwent an operation, in the following February obtained employment shovelling snow for a different employer and, while so employed for five days, suffered a recurrence of the hernia and sought compensation from the insurer of the first employer. At the hearing of his claim, the claimant testified that, after his operation, he was asked by the insurer "to go and try to work" and that while shovelling snow for the second employer he was in pain all the time in his left groin; and there was medical testimony that he was in a weakened condition and that the tissues had not thoroughly knitted after the first operation, and that the rupture came out while he was working for the second employer. *Held,* that

(1) It was a question of fact on all the evidence whether the return of the hernia had a causal connection with the original injury;

(2) A finding was warranted that any injury received while working for the second employer "was not sufficient to break the causal connection between the original injury and the recurrence of the hernia;"

(3) A decree ordering compensation to be paid by the insurer of the first employer was warranted.

Certification to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board awarding compensation to the claimant by reason of a hernia which had resulted from an injury received by him on November 7, 1919, while in the employ of the Beacon Oil Company and which, after an operation, had recurred on February 15, 1920, during a short period of employment at shovelling snow for the city of Everett.

In the Superior Court, the case was heard by *Sisk,* J. Material evidence and facts found by a single member of the Industrial Accident Board are described in the opinion.

By order of the judge, a final decree was entered in accordance with the decision of the board. The insurer appealed.

*W. I. Badger, Jr.,* for the insurer.

*J. J. Pasquale,* (*C. J. Brodbine* with him,) for the claimant.

Carroll, J.   The employee was injured on November 7, 1919,

while in the employment of the Beacon Oil Company. He was paid compensation and later went to work for the city of Everett; after working for the city for a few days there was a recurrence of the hernia which had resulted from the injury received at the Beacon Oil Company. The insurer asked for the ruling that "The work undertaken by the employee for the city of Everett, which work resulted in producing a recurrence of the hernia after operation, was an intervening efficient cause while working for a new employer and the disability resulting does not entitle the employee to compensation from the Travelers Insurance Company, the insurer of the original employer." This request was denied. The Industrial Accident Board found that the cause of the employee's disability was directly traceable to the original injury and that "the injury, if he received one while working for the city of Everett, was not sufficient to break the causal connection between the original injury and the recurrence of the hernia." The employee testified, that he was asked by the insurer "to go and try to work." He secured employment from the city shovelling snow from the sidewalks, and was in pain all the time during the five days he worked but tried to remain on the job as long as he could; on the last day of his employment about five o'clock in the afternoon he felt pain in his left groin; that it was the same pain he felt all day except that it was a little more intense at that time. There was in addition medical testimony indicating a recurrence of the hernia; that the employee was in a weakened condition; and that the tissues had not thoroughly knitted after the first operation and the rupture came out while he was working for the city.

There was no question in the case that the employee suffered a rupture while in the employ of the Beacon Oil Company; and if there was a return of the hernia while in the employ of another it was a question of fact on all the evidence for the Industrial Accident Board to determine whether this condition had a causal relation to the original injury. There was evidence to warrant this finding and the employee was properly awarded compensation against the insurer of the original employer. See *Hartnett* v. *Tripp*, 231 Mass. 382; *Clayton* v. *Holyoke Street Railway*, 236 Mass. 359; *Wilder* v. *General Motor Cycle Sales Co.* 232 Mass. 305.

*Decree affirmed.*