JEREMIAH J. O'CONNOR'S (dependent's) CASE.

Suffolk. March 19, 1923. — March 31, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act*, Findings by Industrial Accident Board. *Proximate Cause.*

In proceedings under the workmen's compensation act for double compensation and compensation for death of an employee, findings by the Industrial Accident Board, warranted by the evidence, that there was no causal connection between an injury, received by an employee, arising out of and in the course of his employment when he was burned by an explosion of metal polish and consisting of first and second degree burns on his hand, and his subsequent death from facial erysipelas and chronic myocarditis, and that the injuries were not caused by the serious and wilful misconduct of the employer, since he did not know of the liability of the polish to explode, must stand as final and cannot be reviewed, and the compensation sought must be denied.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board affirming and adopting findings and rulings of a single member disallowing a claim for double compensation and for compensation by reason of the death of Jeremiah J. O'Connor, who suffered injuries arising out of and in the course of his employment as a night watchman at Keith's Boston Theatre on September 30, 1921, by an explosion of metal polish which it was alleged resulted in his death and was due to the serious and wilful misconduct of the employer.

The Industrial Accident Board adopted findings and rulings of a single member that, on "the question of serious and wilful misconduct, while the evidence shows that the polish in question was

of an inflammable substance and liable to explode under certain circumstances, this was not known to the superintendent or management of the Boston Theatre Company;" and, on "the question of causal relation between the injury and the employee's subsequent death, . . . that the employee's injury was 'first and second degree burns left hand.' According to the record of the Boston City Hospital, offered in evidence by the claimant, these burns healed up on November 1, 1921, the injury having occurred one month before. The employee returned to work on October 20, 1921, and continued until December 31, 1921. On January 6, 1922, he died of facial erysipelas and chronic myocarditis (see death certificate filed by claimant). I can see no possible connection, on this evidence, between the burns of the hand and his final illness and death. Therefore, I find that the death of the decedent in this case had no causal relation to the injury of September 30, 1921, and the claim of the widow is dismissed."

In the Superior Court, the claim was heard by *Wait*, J., by whose order a decree was entered, in accordance with the decision of the Industrial Accident Board, denying the claims for double compensation and for compensation by reason of the employee's death. The claimant appealed.

*J. J. Enright*, (*H. M. Dowd* with him,) for the claimant.

*E. I. Taylor*, for the insurer and employer.

RUGG, C.J. The deceased employee received first and second degree burns on his hand, arising out of and in the course of his employment, on September 30, 1921. He returned to work on October 20, 1921, and continued until December 31, 1921. He died on January 6, 1922, of facial erysipelas and chronic myocarditis. It is not here contended that the employee was not entitled to compensation under the act for the injury of September 30, 1921. The single member and the Industrial Accident Board on review have found that there was no causal connection between the injury and the death. This was a pure question of fact. It is manifest from the report of the evidence that a finding of such causal connection was not required. There was ample evidence to support the finding made. It cannot be reviewed. It must stand as final under the authority of numerous decisions. *Pigeon's Case*, 216 Mass. 51. *Pass's Case*, 232 Mass.

515, and cases there collected. *Chisholm's Case*, 238 Mass. 412, 419. The same is true of the finding denying the claim for double compensation.

*Decree affirmed.*