## DANIEL MILLS'S CASE.

Suffolk.   December 9, 10, 1926. — March 2, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Proximate Cause.*

If, in a proceeding under the workmen's compensation act, there is evidence that the claimant did general work for a hospital, the subscriber, lifting beds, trunks, bureaus, pushing wheel chairs of patients and baling papers, and that while baling paper he suffered a hernia on his right side, to alleviate which on the advice of a surgeon of the hospital he submitted to an operation; and a report by a physician to the Industrial Accident Board was to the effect that the work which the claimant was doing was contributory to the hernia; and testimony by a physician called by the claimant was that, in view of the fact that the claimant was doing heavy work for a period of several months, possibly at some time he did something which might have caused the hernia, it could not be ruled as a matter of law that no causal connection was shown between the claimant's work and the alleged injury.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the claimant.

In the Superior Court, the case was heard by *Weed,* J. Material facts are stated in the opinion. A decree was entered awarding compensation in accordance with the decision of the Industrial Accident Board. The insurer appealed.

*E. J. Sullivan,* for the insurer.

*S. B. Horovitz,* for the claimant.

BRALEY, J.   It appears from the claimant's evidence that he did general work for the Beth Israel Hospital, the subscriber, lifting beds, trunks, bureaus, pushing wheel chairs of patients and baling papers, and that while baling paper on October 6, 1925, he suffered a hernia on his right side for which compensation has been awarded. The insurer however contends that the finding was unwarranted because the

injury did not arise out of and in the course of his employment. The question was one of fact and if there was any evidence to sustain the finding it must stand. *O'Connor's Case*, 244 Mass. 445.

It could be found that on October 7, the employee consulted Dr. Greenberg at the hospital "about his side." Dr. Greenberg, after an examination on October 8, advised an operation for hernia on the right side, and, the employee having been admitted as a patient, it was performed October 22. The medical evidence introduced by the insurer describing congenital hernia and physical conditions which may produce, or result in, hernia, was to be considered and weighed with the claimant's own testimony, the report of Dr. Briggs to the Industrial Accident Board, that "Although there is no evidence that the hernia appeared as the result of a direct strain, it is consistent with the history of the case that the work which the man was doing was contributory to the hernia," and the evidence of Dr. Novack, an expert called by the claimant, that "although he can't point to any particular act at any particular time which caused the hernia, that in view of the fact that he was doing heavy work over a period of several months, that possibly at some time he did something which may have caused the hernia." It cannot therefore be held as matter of law, as the insurer urges, that no causal connection was shown between the claimant's work and the alleged injury. *Gaglione's Case*, 241 Mass. 42.

We are asked by the claimant to award costs under G. L. c. 152, § 14. But the facts in the record are not substantially different from other cases where costs have not been imposed.

*Decree affirmed.*