### J. F. MᶜLAUGHLIN'S CASE.

Suffolk.  March 11, 1927. — March 14, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

A finding by the Industrial Accident Board that a claimant under the workmen's compensation act when at work for his employer received a strain and wrench in the course of heavy lifting, carrying and distributing radiators throughout different parts of a building preparatory to their being set up, was *held* not to have been unwarranted by the evidence; and it *also was held* that an inference that the injury arose out of the employment could not be pronounced conjectural or speculative.

CERTIFICATION under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board described in the opinion.

In the Superior Court, a decree was entered by order of *McLaughlin, J.,* awarding compensation in accordance with the decision of the Industrial Accident Board. The insurer appealed.

*E. E. Andrews,* for the insurer.

*J. J. Twichell,* for the claimant.

BY THE COURT. There was evidence tending to show that the employee, while engaged in the course of his employment for the subscriber, was carrying and distributing radiators throughout different parts of a building preparatory to their

being set up. While engaged in this work, he felt a soreness in his knee and got a strain. The knee within a day or two became lame and swollen. The finding of the board, to the effect that the employee received "a strain and wrench in the course of this heavy lifting," cannot be pronounced without support in the evidence. The inference that the injury arose out of the employment cannot be pronounced conjectural or speculative. *McNicol's Case,* 215 Mass. 497, 499. *Sponatski's Case,* 220 Mass. 526, 528. *Madden's Case,* 222 Mass. 487. The case is governed by *Mills's Case,* 258 Mass. 475.

*Decree affirmed.*