## ALEXANDER DOYLE'S CASE.

Suffolk.   October 10, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

An employee of a subscriber under the provisions of the workmen's compensation act, by reason of the cumulative effect of heavy work done for the subscriber over a period of twenty-one years, gradually weakened his back so that at the end of that time he did not feel able to continue in the heavy work he was doing, and he was transferred to, and for another two years worked at, a lighter form of employment, where, nevertheless, his back still bothered him; and, while he was thus employed and was working on an angle iron, he felt an acute pain in his back. While it was doubtful if such incident in itself was at all serious, it marked the beginning of a total disability. At the hearing of a claim by him under the act, there was no evidence that there was any single injury which produced the incapacity. Upon an appeal by the insurer from a decree awarding compensation, it was *held,* that

(1) The employee's condition could not be traceable directly to a personal injury peculiar to the employment: it resulted from exacting toil continued over many years, which had exhausted his physical energies;

(2) The decree was reversed, and a decree ordered for the insurer.

CERTIFICATION to the Superior Court in proceedings under the workmen's compensation act of a decree by the Industrial Accident Board awarding compensation for injuries received by the claimant while employed by Bethlehem Shipbuilding Corporation, Ltd.

In the Superior Court, the case was heard by *Cox,* J. Material facts are stated in the opinion.   A decree granting compensation was entered.   The insurer appealed.

*E. Field,* (*R. H. Field* with him,) for the insurer.

*C. H. Finn,* attorney in fact, for the claimant.

PIERCE, J.   This is an appeal by the insurer from a decree based upon a decision of the Industrial Accident Board.   The prominent question before the Industrial Accident Board was: Is the condition of the claimant's

back for which he seeks compensation under the statute attributable to a personal injury received in the course of and arising out of his employment, or is his condition one of disease induced by years of much heavy, physical, muscular exertion in the employment?

The member, and Industrial Accident Board without further evidence, found in substance that "this employee, by reason of the cumulative effect of heavy work done for the subscriber over a period of twenty-one years, gradually weakened his back so that at the end of that time he did not feel able to continue in the heavy work he was doing, and he was transferred and for another two years worked at a lighter form of employment. Here his back still bothered him. On November 17, 1927, he was working on an angle iron and coincident with this work he felt an acute pain in his back. While it is doubtful if this incident in itself was at all serious, it marks the beginning of a total disability which, I find, has continued up to the present time."

On the authority of *Mills's Case*, 258 Mass. 475, the member and the Industrial Accident Board on the above statement of facts found that the employee received an injury in the course of and arising out of his employment. It was further found upon the evidence that there is nothing to indicate that the condition of the employee's back is attributable to any disease or to advancing years; that it has come upon him as stated because of the character of the work which he was called upon to do in his particular job, and "is as properly chargeable to that job in itself as would have been a particular incident of lifting which might have occurred in a work which was not ordinarily heavy work." It was not found, and indeed the evidence did not warrant a finding, that there was any single injury which produced the incapacity. The absence of such evidence distinguishes this case from *Mills's Case, supra*, where there was evidence of physical lesion and of a direct causal connection between that lesion and the work the employee was doing when the hernia first became manifest. It also distinguishes this case from *Brightman's Case*, 220

Mass. 17, *Fisher's Case*, 220 Mass. 581, *Madden's Case*, 222 Mass. 487, and *Mooradjian's Case*, 229 Mass. 521.

The facts relating to a personal injury here are in no wise similar to cases where it is held that poisoning, heart lesion, and kindred physical ills may be found to be personal injuries under the act. *Hurle's Case*, 217 Mass. 223. *Doherty's Case*, 222 Mass. 98. *O'Donnell's Case*, 237 Mass. 164. *Sullivan's Case*, 265 Mass. 497.

We think it must be held on the evidence that the employee by exacting toil continued over a period of many years had exhausted his physical energies, and that that condition cannot be traceable directly to a personal injury peculiar to the employment. *Maggelet's Case*, 228 Mass. 57, 61. *Pimental's Case*, 235 Mass. 598. *Burns's Case*, 266 Mass. 516. It results that the decree must be reversed and a decree entered for the insurer.

*So ordered.*