GEORGE JARVIS'S CASE.

Suffolk. January 12, 1931. — January 28, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

Upon an appeal from a decree of the Superior Court awarding, according to a decision by the Industrial Accident Board, compensation to a claimant sixty-nine years of age suffering from a condition of his back which he contended was due to heavy work lifting and pulling grain receptacles in a stable and which the insurer contended was due to his physical condition to be expected of a man of his age, it was *held*, that

(1) Whether the condition of the employee's back was due to an injury which arose out of and in the course of his employment or was due to his physical condition to be expected of a man of his age, presented a question of fact to be decided upon the entire evidence and the reasonable inferences to be drawn therefrom;

(2) Testimony by the employee that he did not know whether the strain to his back was caused by lifting grain bags, pulling heavy boxes, pitching hay or pulling manure was not decisive upon the question to be decided: he was not required to prove which of these acts done in the performance of his work caused his injury;

(3) It could have been found upon the evidence that the injury followed as an immediate result from the work of lifting grain and other substances on the night he strained his back, and was not due to a gradual breaking down of the tissues caused by long and laborious work.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

In the Superior Court, the case was heard by *Lummus*, J., by whose order a final decree was entered awarding compensation. The insurer appealed.

The case was submitted on briefs.

*J. F. Casey,* for the insurer.

*P. L. Keenan,* for the claimant.

CROSBY, J. This is an appeal from a decree entered in the Superior Court under the workmen's compensation act awarding compensation to the claimant for an injury to his back which, he contends, arose out of and in the course of his employment. At the hearing before the board member of the Industrial Accident Board he testified that previously to March 5, 1930, when the alleged injury was received, he had been employed as a stableman; that at the time of the hearing he was sixty-nine years of age; that on the night of the alleged injury he went to work at six o'clock and did not get through until nine o'clock the next morning; that he cared for and fed twenty-six horses twice during the night, the first time between eight and nine o'clock in the evening and the second time between three and four o'clock in the morning; that in feeding the horses he was obliged to lift bags of grain weighing about one hundred pounds and dump them into a box which with the grain weighed between three hundred and four hundred pounds; and that he was required to pull the box out of the loft and drag it along the floor to where the horses were kept. He further testified that while he was feeding the horses the second time he felt a " darting " pain in his back which grew worse until he finished his work that morning, when he went home and has not worked since. He also testified that in feeding the horses, in addition to lifting the bags of grain and pulling out the boxes, he pulled hay out of a truck and pitched it into boxes for the horses. There was evidence that he was confined to his bed for three or four weeks after

the alleged injury to his back, and had difficulty in turning in bed on account of the severity of the pain; that he never had any trouble with his back before and was in good condition when he went to work that morning. The board member found that the employee received an injury as claimed, and that he had been since then incapacitated for work by reason of the effects of the injury.

The insurer filed a claim for review, and the reviewing board appointed an impartial physician to examine the employee and to make a report. He reported that while the employee was pulling out a feed box weighing about four hundred pounds he felt for the first time a pain in his back; that it became progressively worse until he finished his work that morning when he was suffering much pain; that he "gets up from his chair slowly and with apparent difficulty. He walks slowly in an uncertain manner. He stands with the hips and knees slightly flexed and when the knees are straightened up he has to flex the hips more. Lateral motions are equal but much limited. Forward bending he can touch to just below knees, complaining of pain at extremes of all motions." It is the opinion of the impartial physician that the employee evidently received "a low back strain that lightened up an old preëxisting hupertrophic [sic] spine. He is incapacitated for his old work." The Industrial Accident Board on all the evidence affirmed and adopted the findings and decision of the board member under which compensation was awarded to the employee. A decree was entered in the Superior Court in accordance with the findings and decision of the board, from which the insurer appealed.

Whether the condition of the employee's back was due to an injury which arose out of and in the course of his employment or was due to his physical condition, to be expected of a man of his age, presented a question of fact to be decided upon the entire evidence and the reasonable inferences to be drawn therefrom. His testimony that he did not know whether the strain to his

back was caused by lifting the grain bags, pulling the heavy boxes, pitching the hay or pulling manure is not decisive upon the question to be decided. He was not required to prove which of these acts done in the performance of his work caused his injury. The board member could have found that any one or all the acts which it was a part of his duty to perform resulted in the injury. There was evidence from which it could have been found that up to the night of the alleged accident he never had had any trouble with his back, and that before that time it was in good condition. It could have been found upon the evidence that the injury followed as an immediate result from the work of lifting grain and other substances on the night he strained his back, and was not due to a gradual breaking down of the tissues caused by long and laborious work as was held in *Maggelet's Case*, 228 Mass. 57, *Pimental's Case*, 235 Mass. 598, *Burns's Case*, 266 Mass. 516, and *Doyle's Case*, 269 Mass. 310. Upon the entire evidence it could be found that the employee's injury arose out of and in the course of his employment. *Duffy's Case*, 226 Mass. 131. *Bean's Case*, 227 Mass. 558. *Gilson's Case*, 254 Mass. 460. *McLaughlin's Case*, 259 Mass. 25, and cases cited.

*Decree affirmed.*