### John Reardon's Case.

Middlesex.    February 4, 1931. — February 26, 1931.

Present: Rugg, C.J., Crosby, Pierce, Sanderson, & Field, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.   *Evidence*, Presumptions and burden of proof.

In proceedings under the workmen's compensation act, there was evidence that the employee worked as a moulder for the subscriber for about twenty-five years, his work during that period requiring him constantly to handle large tongs and bars and to lift heavy objects; that after about twenty-one or twenty-two years a callous developed on his hand and gradually got worse, and the fingers on that hand slowly contracted; that at the end of the twenty-five years he left the employ of the subscriber and worked for others for about nine months, after which he was unable to work with his hand and ceased to work; that about nine months later he underwent an operation on his hand to cure a condition diagnosed as a "Dupuytren's Contracture," which is a chronic inflammation of the palm of the hand resulting from any work, over a long period of years, requiring the grasping of tools with continuous pressure on the palm; and that the work of the employee could cause the condition of his hand. A decree was entered awarding compensation. The insurer appealed. *Held*, that

(1) The condition of the employee's hand showed merely the gradual breaking down of tissue as the result of many years of continuous labor, and not disease traceable directly to a personal injury peculiar to the employment of a moulder;

(2) A finding was not warranted that the injury to the employee's hand arose out of and in the course of his employment by the subscriber;

(3) A decree for the insurer was required.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material evidence and facts are stated in the opinion.

By order of *Qua*, J., a decree was entered in accordance with the board's decision. The insurer appealed.

*J. J. Connors & E. W. Sawyer,* for the insurer, submitted a brief.

*J. J. Barrett,* (*F. J. Connors* with him,) for the claimant.

PIERCE, J. This case comes before this court on an appeal from the decree of the Superior Court.

The facts developed by the testimony before the Industrial Accident Board are as follows: For a period of approximately twenty-five years prior to March 17, 1928, the employee worked for the American Tube Works. His work as a moulder required the constant handling of a large crucible tong, speltering tong, mixing bar, and the lifting of fire pots and heavy objects. A callous developed on his right hand three or four years before 1928. It persisted during 1926, 1927, and 1928, getting worse little by little, and then his fingers kept coming in by degrees without much pain. Two years before the employee left the employ of the American Tube Works, a fellow employee knew the claimant had trouble with his right hand, saw that his fingers were bent and used to help him, when he was not able to keep up, in doing work which an ordinary man would do alone. After leaving the employ of the American Tube Works the claimant worked steadily in sewer work for three or four months. During that time his right hand bothered him and he could not hold a shovel "very good." He left that work because there was no more work for him to do, and at once went to work for the Boston and Albany Railroad Company working around the station, putting down concrete, "laboring and cleaning manholes." He worked for the railroad company about four months, "until they had no more work for him," that is, until January 1, 1929. He has not worked since and cannot work with his hand. On September 25, 1929, the employee was admitted to the Boston City Hospital where the condition of his hand was diagnosed as Dupuytren's Contracture, and on October 2,

1929, he submitted to an operation on the right hand. He was discharged from the hospital on October 29, 1929.

Dr. George W. Morse, when called by the commissioner, testified that he first saw the claimant on November 15, 1929, and that he diagnosed the case at that time only to the extent that the claimant had had an operation previously at the Boston City Hospital and that the wound was not entirely healed in the palm of his hand when he saw him; that the operation was for some kind of contracture, "probably Dupuytren's Contracture of the palmar fascia of the hand. That is a chronic inflammation of the palmar fascia of the hand which as it becomes thickened contracts and draws the fingers down" so that it is impossible to extend the fingers; that it occurs in workmen who use certain tools, such as a screwdriver, for a good many years; that constant pressure at one point will cause it; that it is an inflammatory process going over a period of a great many years; that the work of the claimant, as described, over a period of years could cause the condition; that it is more likely a question of twenty-five years than two years; and that it can be cured by an operation. The report of the impartial examination contained the statement that "While a Dupuytren's contraction is of slow growth and . . . [the claimant] has the beginning of one in his left hand, it is hard to charge the causation to industry. It is possible that with a Dupuytren's Contraction there may have been aggravation from the type of work that he did, which led to incapacity."

The board member finds "that the work which this employee has done since his dismissal from the employment of the insured on March 17, 1928, has had no material effect upon the condition which now incapacitates him"; "that the employee first became incapacitated as a result of his injury on September 25, 1929, when he sought treatment at the Boston City Hospital, and . . . he has been totally incapacitated for work since that time." He further finds that the claimant "received a personal injury

arising out of and in the course of his employment, which resulted in Dupuytren's Contracture, and which necessitated operative treatment, as shown by the record, on September 25, 1929." The insurer filed a claim for review, and on May 6, 1930, the reviewing board, after a hearing, affirmed the report of the single member. On November 5, 1930, the Superior Court after a hearing entered a decree.

The claimant has not proved with reasonable certainty that the injury to his hand arose out of and in the course of his employment. There is no evidence of a physical lesion during the long course of the claimant's employment with the American Tube Works which produced a chronic inflammation of the palm of his hand. It takes fifteen to twenty years to bring about a condition of the palm of the hand such as the claimant has, and it is consequently found only in men who are getting along in years. It is not a condition peculiar to the trade of a moulder: it is occasioned by any work continued over a period of years that requires the grasping of any article which causes a continuous pressure upon the palm of the hand. There is no similarity between the injury sustained by the claimant and an injury which an employee may sustain through the absorption of poisons. No disease is here traceable directly to a personal injury peculiar to the employment of a moulder. The condition of the claimant's hand marks the gradual breaking down of tissue as the result of many years of continuous labor, and is not the result of a personal injury within the meaning of the act. *Maggelet's Case,* 228 Mass. 57, 61. *Burns's Case,* 266 Mass. 516. *Doyle's Case,* 269 Mass. 310. *Breault's Case,* 270 Mass. 256. The decree must be reversed and a decree be entered for the insurer.

*Decree accordingly.*