## EDWARD J. HARRINGTON'S CASE.

Suffolk.    November 14, 1933. — December 29, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Evidence*, Presumptions and burden of proof. *Proximate Cause*.

In proceedings under the workmen's compensation act, there was evidence that for nine years before a certain date the employee had done heavy work in operating the levers of a large hoisting crane; that for about a year before that date he had had trouble with his groin and at times had had to push back a lump which had appeared therein when he was doing heavy work; that on that date the lump appeared several times and the pain in his groin became so severe that he had to stop work; and that thereafter he underwent an operation for double hernia. There was no testimony by any physician. *Held*, that

(1) The evidence warranted findings by the Industrial Accident Board that the strains involved in the employee's work had a cumulative effect not different from a single severe strain culminating in a hernia; that he suffered an "aggravation of double . . . hernia, to the extent of disabling him and causing him to quit his work"; and that his injury arose out of and in the course of his employment;

(2) An award of compensation was warranted.

In the proceedings above described, the requirement of proof by direct medical testimony of a causal relation between the employment and the injury sustained by the employee was not necessary; the existence of such a relation might properly have been inferred by the board on the evidence.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material evidence and findings by the board are stated in the opinion. By order of *Whiting*, J., a decree in accordance with the board's decision was entered. The insurer appealed.

*G. Gleason*, for the insurer.

*F. B. Mahoney*, for the claimant.

PIERCE, J. This is an appeal by the insurer from a decree of the Superior Court which was entered in accordance with a finding of the Industrial Accident Board. G. L. (Ter. Ed.) c. 152.

The employee, on October 20, 1932, was, and for nine years continuously had been, an operator of a large hoisting tower known as a crane. He operated heavy levers in front of him. At times, under different conditions, the levers would jam to such an extent that he had to grab them with both hands and brace his feet in order to put the clutches in gear. The trouble with his groin had been coming on for probably a year, but it was not so severe until the day he had to give up. On October 20, 1932, the pain started in his left groin and became so severe that he had to stop two or three times in the morning and push back a lump that came in his left groin. At noon the pain became so severe that he stopped his work, went into the superintendent's office and told him about his condition. A few months previous to that he had pushed a lump back in his groin two or three times. After October 20, 1932, he remained at home for two weeks, hoping the trouble would go away. He then went to the office of the insurance company, where he was examined by Dr. Dolan and told he had a double hernia, and, seemingly, was advised to consent to an operation. He expressed a desire to see his own doctor. He did so, and was advised that "he [the doctor] could not find any hernia." He reported the result of his consultation with his own doctor to the insurance company and was sent by it to one Dr. Howard who also stated that he could not find any hernia. Two or three days after he saw Dr. Howard, he was in town and the

pain in his groin became so severe that he went to the Haymarket Relief Station; that was about the middle of November, 1932. Two doctors at the relief station examined him and told him he had double hernia. He reported their finding to the insurance company and the insurance company had Dr. Sheehan examine him. Dr. Sheehan said he had double hernia. He then went to the Boston City Hospital where he was operated on for double hernia on November 23, 1932.

The records of the Boston City Hospital, in evidence, warranted a finding that the employee on November 21, 1932, was a well developed, well nourished man, thirty-nine years of age; that his abdomen was symmetrical; that on the left side over the external ring there was a small, soft tumor mass "6 by 4 cm." which was reducible; that the inguinal ring on that side was enlarged to admit tips of two fingers; that on the right side the inguinal ring was also enlarged; that on both sides impulse might have been felt through the inguinal ring on coughing; and that there were no spasms, tenderness or masses otherwise. Following an operation the employee was discharged from the hospital on December 8, 1932. On January 24, 1933, he returned to work for the employer as a power house engineer, which is much easier than the work he was doing on October 20, 1932. The diagnosis of the Boston City Hospital, in evidence, shows that fifteen months before the operation a lump began appearing in the lower quadrant, which could be pushed back and made to disappear for as long as two weeks to several months; that the mass would reappear while the employee was doing heavy work. No physician gave testimony at the hearing.

The single member found that on October 20, 1932, the employee suffered a personal injury arising out of and in the course of his employment, to wit, an aggravation of double inguinal hernia to the extent of disabling him and causing him to quit work as a hoisting engineer; and he awarded compensation. The reviewing board affirmed and adopted the findings of the single member, and awarded compensation from October 20, 1932, to January 24, 1933, the date

upon which the employee returned to work, and also assessed costs of $35 against the insurer. The Superior Court entered a decree in accordance with the finding of the Industrial Accident Board, and the insurer appealed to this court.

The insurer in its brief admits "that the employee's work was heavy work, at which he had worked for nine years; that he had a hernia on one side and a beginning hernia on the other side, for which he was operated upon"; but submits that there is no evidence as to when the employee received the hernia or what caused it. The insurer further contends that where, as here, there is no medical evidence, the question whether the hernia was aggravated by the injury is both conjectural and speculative, and, consequently, the employee has not sustained the burden of proving (1) that he received a personal injury arising out of and in the course of his employment, and (2) that his condition of hernia was due to or related to his employment. *Green's Case,* 266 Mass. 355. *Johnson's Case,* 278 Mass. 365.

We think the evidence warranted a finding that the operation of the levers involved a series of strains and twists, which had a cumulative effect not different from a single severe twist culminating in a hernia. *Gaglione's Case,* 241 Mass. 42. *Mills's Case,* 258 Mass. 475. In the case at bar there was uncontradicted testimony by the employee that at noon the pain became so severe that he stopped his work, and did not take it up again until after the operation. The evidence justified the finding of the single member and of the Industrial Accident Board that on October 20, 1932, the employee suffered an "aggravation of double inguinal hernia, to the extent of disabling him and causing him to quit his work as a hoisting engineer." The requirement of proof by direct medical testimony of causal relation between the employment and the injury sustained by the employee was not necessary and may have been inferred by the trier of fact. *McLaughlin's Case,* 259 Mass. 25. *Atamian's Case,* 265 Mass. 12.

*Decree affirmed.*