## PAUL CHMIELOWSKI'S CASE.

Suffolk.    October 4, 1938. — October 27, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Proximate Cause.    Workmen's Compensation Act,* Injuries to which act applies.

Evidence warranted a finding that, at the time when an employee sustained a left inguinal hernia which was cured by operation and for which he received full compensation under the workmen's compensation act, he also sustained a right inguinal hernia which resulted in a subsequent operation and further disability entitling him to compensation.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board awarding compensation.

By order of *Donnelly,* J., a final decree was entered in accordance with the board's decision.    The insurer appealed.

The case was submitted on briefs.

*W. A. MacPherson,* for the insurer.

*J. F. Tobin,* for the claimant.

FIELD, C.J.    This is a workmen's compensation case. G. L. (Ter. Ed.) c. 152.    It was agreed "that this employee received a left inguinal hernia on Jan. 2, 1937 . . . and that he was operated on and paid compensation for total disability" up to and including March 6, 1937.    The present case relates to a later total disability resulting from a right inguinal hernia.    The reviewing board found that the employee "did receive a hernia on the right side on Jan. 2, 1937, and that this hernia arose out of and in the course of his employment" as a laborer by the city of Salem, and that by reason thereof the employee was totally disabled from March 7, 1937, through May 29, 1937.    The Superior Court entered a decree awarding compensation accordingly and the insurer appealed.

The sole question for decision is whether the findings of the reviewing board above recited were warranted by the evidence.    The evidence clearly warranted findings that

the employee strained his back on January 2, 1937, while lifting a heavy barrel in the course of his employment (*McLaughlin's Case*, 259 Mass. 25, *Jarvis's Case*, 274 Mass. 305, 308), and that from March 7, 1937, through May 29, 1937, he was totally disabled by reason of a right inguinal hernia. There was medical evidence, however, tending to show that this hernia was not caused by the strain. And the evidence tending to show a causal relation between the strain and this hernia was meager. But the employee testified that at the time he lifted the barrel he "had pain on both sides," and there was evidence admitted without objection that when he was operated on, April 3, 1937, for a right inguinal hernia, he told the surgeon that he "had this lump on the right side for some time," and later told the surgeon that "he had it some time before when he got hurt working" for this employer. According to medical testimony, "The word lump is descriptive of the hernia." We cannot say that this evidence and inferences which might be drawn from the most favorable medical testimony did not warrant a finding that the right inguinal hernia was directly traceable to the strain and consequently arose out of and in the course of the employment. The evidence of causal relation goes beyond that in *Crowley's Case*, 287 Mass. 367, 375–376. See *Mills's Case*, 258 Mass. 475; *Harrington's Case*, 285 Mass. 69, 72.

*Decree affirmed.*