. ARTHUR E. HOUGH *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD.

Middlesex. January 9, 1941. — September 9, 1941.

Present: FIELD, C.J., DONAHUE, COX, & RONAN, JJ.

*Retirement. Municipal Corporations,* Retirement system. *Certiorari. Practice, Civil,* Appeal, Requests, rulings and instructions. *Words,* "Accident," "Hazard."

Certiorari to quash proceedings of a certain board for errors of law committed by it was open to a party interested in such proceedings notwithstanding a statutory provision that the decision of the board should be "final and binding" upon the interested parties.

Incapacity of a town employee resulting from mental and nervous strain in performing long hours of clerical work over a period of years, culminating in his collapse after attending a lengthy meeting of a town board, was not due to "an accident or . . . undergoing a hazard peculiar to his employment, in the performance and within the scope of his duty at some definite time and place" within G. L. (Ter. Ed.) c. 32, § 31, as appearing in St. 1936, c. 318, § 1, and did not entitle him to be retired under that statute.

Assuming that an appeal from the dismissal of a petition for a writ of certiorari properly was before this court, the propriety of action of the trial judge upon requests for rulings to which no exception was saved was not open.

PETITION for a writ of certiorari, filed in the Superior Court on September 27, 1940.

The case was heard by *Forte,* J.

*F. J. Johnson*, for the petitioner.

*P. A. Dever*, Attorney General, & *R. Clapp*, Assistant Attorney General, for the respondents, submitted a brief.

RONAN, J. This petition for certiorari is brought by the town clerk of Belmont and clerk of the selectmen and registrars of voters of said town to quash the proceedings of the respondents, constituting the contributory retirement appeal board under G. L. (Ter. Ed.) c. 32, § 37C (7), as appearing in St. 1938, c. 439, § 2, denying his application to be retired under G. L. (Ter. Ed.) c. 32, § 31, inserted by St. 1936, c. 318, § 1, and amended by St. 1937, c. 336, § 16, on account of permanent disability resulting from an accident or from undergoing a hazard peculiar to his employment. The petitioner appealed from an order dismissing the petition.

We assume in favor of the petitioner that the appeal is properly here. *Codman* v. *Assessors of Westwood, ante*, 433. The statutory provision, G. L. (Ter. Ed.) c. 32, § 37C (7), as appearing in St. 1938, c. 439, § 2, that the decision of the respondent board "shall be final and binding upon the board of retirement involved and upon all other parties in interest" does not preclude the petitioner from maintaining a petition for certiorari to quash proceedings if shown to have been vitiated by errors of law committed by the respondent board. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 544. *Mayor of Medford* v. *Judge of the First District Court of Eastern Middlesex*, 249 Mass. 465, 468. *Wiggin* v. *National Fire Ins. Co.* 271 Mass. 34, 36. *Whitney* v. *Judge of the District Court of Northern Berkshire*, 271 Mass. 448, 459. *Williams* v. *Contributory Retirement Appeal Board*, 304 Mass. 601. *Farrell* v. *Mayor of Revere*, 306 Mass. 221. But questions of fact are not open, except in unusual cases, of which the instant case is not one. *Commissioner of Public Works of Boston* v. *Justice of the Municipal Court of the Dorchester District of Boston*, 228 Mass. 12. *Byfield* v. *Newton*, 247 Mass. 46. *Walsh* v. *District Court of Springfield*, 297 Mass. 472.

The matter was submitted to the respondent board upon the written statements of the petitioner, of two physicians and of the chairman of the selectmen, and this evidence was

considered by the board as "the agreed statement of facts." This documentary evidence together with the written opinion of the board was treated in the Superior Court as the return of the respondent board. We briefly summarize the material facts disclosed by the return. The petitioner, who became sixty years of age in April, 1940, has been town clerk since 1917 and he is also clerk of the selectmen and of the registrars of voters. He had served as clerk to the board of survey, secretary to the board of appeals, and compensation agent. Prior to January 1, 1936, he was clerk of the welfare department and clerk to the old age assistance board. Meetings of the selectmen occurred at least once a week and they were usually held at night. The registrars of voters often met in the evening and some of the meetings lasted for several hours, especially those that were held shortly before elections. As clerk of the welfare department he attended all the meetings and investigated cases. In this work he was subject to call at all times of day and night for practically seven days a week and substantially twenty-four hours a day. The nature of this work in particular and his various other duties in general have created a constant and increasing mental and nervous strain which has brought about his present condition. He attended a long meeting of the selectmen on the evening of March 25, 1940. He collapsed after he arrived home. His left arm and hand were paralyzed. He was suffering from hemiplegy or vascular spasms of the arteries of the brain. He had for years experienced a protracted mental and nervous strain on account of the nature of the work which he had performed for the town, and the immediate cause of his condition was the overwork and strain caused by the annual town meeting and the meeting of the selectmen on March 25, 1940. His condition had been aggravated by long hours of work over a long period of years and was the natural and proximate result of his employment. He is physically incapacitated for further performance of his duties and his incapacity is likely to be permanent.

A member of a city or town retirement system who has been disabled on account of an accident or hazard peculiar

to his employment may be retired under G. L. (Ter. Ed.) c. 32, § 31, as appearing in St. 1936, c. 318, § 1, which provides that "Upon application . . . [of] any member who is totally and permanently incapacitated for duty as the natural and proximate result of an accident or of undergoing a hazard peculiar to his employment, in the performance and within the scope of his duty at some definite time and place . . . shall be retired . . . provided, that one or more registered physicians selected by the board, after an examination of such member, shall certify (1) that such member is mentally or physically incapacitated for further performance of duty and (2) that such incapacity is likely to be permanent; and provided, further, that the board shall concur in such certification and find that the mental or physical incapacity is the natural and proximate result of such accident or hazard, that such disability is not the result of wilful negligence on the part of such member, and that such member should be retired."

The petitioner contends that, upon the facts which have been recited and which were accepted as true by the respondent board, there was error of law in not finding that his disability was due to an accident or hazard and in denying his application for retirement.

A member of a city or town retirement system may be retired for superannuation, for ordinary disability, or for accidental disability. G. L. (Ter. Ed.) c. 32, §§ 29, 30, 31, as amended. The same classification of benefits appears in the State and county retirement systems. G. L. (Ter. Ed.) c. 32, §§ 4, 4C, 4D, 23, 24, 25, as amended. The petitioner does not contend that he is entitled to be retired for superannuation or for ordinary disability, but bases his case entirely upon the proposition that the facts proved show that his application should have been allowed on the ground that he was disabled by accident or hazard. Consequently, we deal with this case as the Superior Court and the parties have dealt with it and confine our attention to the single issue presented.

Mere disability incurred by a member while in the employ of a town is not sufficient to entitle him to retirement under

G. L. (Ter. Ed.) c. 32, § 31, as amended, whatever might be its effect if he were seeking relief for ordinary disability under G. L. (Ter. Ed.) c. 32, § 30, as amended. Benefits under § 31 are based upon disability due to an accident or hazard peculiar to his employment incurred at some definite time and place while the member was engaged in the performance of his duties. There must be a causal connection between the disability and the accident or hazard. This section makes no provision for the ills and infirmities which are likely to be experienced by men sixty years of age, and it makes no mention of disease and its resulting impairment of health. It speaks in terms of total and permanent incapacity for duty. But it undoubtedly includes a disease from which such incapacity ensues if the disease itself is traceable to such accident or hazard. The form the incapacity takes is not material so long as it was caused by any accident or hazard peculiar to the employment. A disease of the mind or body that arose in the course of his employment, but was not attributable to such accident or hazard, would not entitle the member to relief under § 31 even though the disease resulted in total and permanent incapacity for the further performance of duty.

The terms "accident" and "hazard" appearing in § 31 must be given their ordinary meaning and the scope of both words is limited to accidents or hazards that are peculiar to the employment. "Hazard" has been defined in the State retirement system as "exposure to severe and extraordinary climatic conditions, escaping gases, bursting of gas mains, explosions, infectious diseases and such other circumstances as the board may find could not have been reasonably anticipated by an employee in the discharge of his regular duties," G. L. (Ter. Ed.) c. 32, § 1, inserted by St. 1938, c. 439, § 1, but the statutory retirement system of counties and that of cities and towns contain no definition of this term. G. L. (Ter. Ed.) c. 32, § 20, inserted by St. 1936, c. 400, § 1, as most recently amended by St. 1938, c. 464, § 3. G. L. (Ter. Ed.) c. 32, § 26, inserted by St. 1936, c. 318, § 1, as amended by St. 1938, c. 464, § 4. These three statutory retirement systems together with that for teachers are

contained in c. 32, yet they are separate and independent of each other and they contain no provisions that are common to two or more systems other than the provisions designated "General Provisions" and set forth in said chapter in the present form as §§ 31J–38A, inclusive. There is nothing in these general provisions that imports the definition of hazard from the State retirement system into the city and town retirement system. *Commissioner of Corporations & Taxation* v. *Hornblower*, 296 Mass. 201. *Davis* v. *School Committee of Somerville*, 307 Mass. 354.

An accident is an unexpected, untoward event which happens without intention or design, and a hazard is a danger or risk lurking in a situation which by chance or fortuity develops into an active agency of harm. *Hatch* v. *United States Casualty Co.* 197 Mass. 101. *Bohaker* v. *Travelers Ins. Co.* 215 Mass. 32. *Doyle's Case*, 256 Mass. 290. *Cusick's Case*, 260 Mass. 421, 422. *Henderson* v. *Travelers Ins. Co.* 262 Mass. 522. *Hughes's Case*, 274 Mass. 540. *Sontag* v. *Galer*, 279 Mass. 309. *Sheehan* v. *Aetna Life Ins. Co.* 296 Mass. 535. *Dow* v. *United States Fidelity & Guaranty Co.* 297 Mass. 34.

There is no event described in the record that could properly be regarded as an accident or hazard peculiar to the employment of the petitioner. His present condition is apparently due to the fatigue and strain resulting from long hours of effort over a long period of years which has gradually undermined his strength and rendered him unfit for the further performance of his duties. The effect of his work upon his health was progressive and cumulative. His work, especially since January, 1936, consisted in the performance of the clerical duties usually required by the offices which he held, to the performance of which the petitioner seems to have applied himself assiduously. There was nothing to show that assistance would not have been furnished by the town if it was in fact required or that the burden might not have been lightened if the petitioner had not attempted to fill so many positions. Whether his strength and energy would have been conserved if the petitioner had adopted another course does not aid us in determining whether the rec-

ord shows that his present disability was due to an accident or to undergoing a hazard peculiar to his employment which, as required by said § 31, occurred "at some definite time and place." We hold that no such accident or hazard has been shown. *Maggelet's Case,* 228 Mass. 57. *Pimental's Case,* 235 Mass. 598. *Burns's Case,* 266 Mass. 516. *Doyle's Case,* 269 Mass. 310. *Reardon's Case,* 275 Mass. 24. *Smith's Case,* 307 Mass. 516. *Belezarian's Case,* 307 Mass. 557.

The petitioner contends that there is an analogy between the instant case and those arising under the workmen's compensation act where death was caused by an injury to the heart resulting from overexertion or overwork. *Brightman's Case,* 220 Mass. 17. *Fisher's Case,* 220 Mass. 581. *Madden's Case,* 222 Mass. 487. *Jarvis's Case,* 274 Mass. 305. But these cases are plainly distinguishable. Compensation was allowed where it was found that an injury to the heart resulted from the laborious nature of the specific acts in which the employee was engaged, immediately preceding the heart attack. Here the petitioner for some years before the onset of his disability had relinquished all his other official duties except three clerkships calling for the performance of clerical work which did not require unusual physical strength or extraordinary mental effort. *Doyle's Case,* 269 Mass. 310. In the next place, the workmen's compensation act requires an injury but it does not require a personal injury by accident, *Crowley's Case,* 287 Mass. 367, *Smith's Case,* 307 Mass. 516, while under said § 31 retirement allowances are based exclusively upon disability resulting from accident or hazard peculiar to the employment. Moreover, the retirement system for cities and towns puts in different classes members who are suffering from ordinary disabilities and those who have incurred an accidental disability. That distinction must be observed. One who does not trace his disability to an accident or hazard peculiar to his employment is not entitled to the benefits provided for those whose incapacity has been so caused. *Lee's Case,* 240 Mass. 473. *Cinmino's Case,* 251 Mass. 158. *Robinson's Case,* 292 Mass. 543. *Rozek's Case,* 294 Mass. 205. *Belezarian's Case,* 307 Mass. 557.

This is a proceeding at law and, no exception having been saved to the action of the judge in dealing with the petitioner's requests, no question concerning them is open on this appeal. We do not intimate that there was error in the action of the judge in dealing with them. *Given* v. *Johnson*, 213 Mass. 251. *Sheehan Construction Co.* v. *Dudley*, 299 Mass. 48. *Yoffa* v. *Shaw*, 299 Mass. 516.

*Petition dismissed.*