IGNAZIO SPALLA'S CASE.

Worcester.    September 24, 1946. — November 12, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Incapacity.

The mere fact, that following a successful operation for a hernia for which he had been compensated under the workmen's compensation act, a laborer had weak abdominal walls rendering him susceptible to hernia and making it inadvisable for him to do heavy laborer's work, did not entitle him to compensation for partial disability where the most that appeared as to the cause of the weakness of his abdominal walls was that it was due to years of toil as a laborer.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board in a workmen's compensation case.

The insurer appealed from a decree entered by order of *Leary, J.*

In this court the case was submitted on briefs.

*L. E. Stockwell, G. R. Stobbs & S. B. Tilton,* for the insurer.

*Nicholas Fusaro & Nunziato Fusaro,* for the claimant.

RONAN, J.    The employee, a laborer in a foundry, sustained a hernia on August 23, 1943, "as the result of lifting a heavy piece of steel," and after it was repaired by an operation on September 20, 1943, he sustained a recurrence of the hernia and submitted to a second operation on March 29, 1944. Compensation was paid to July 31, 1944, and he now claims compensation subsequent to that date for partial disability.

The principal contention of the employee at the hearing before the Industrial Accident Board was that he was suffering from a recurrence of the hernia. A physician testified that he had a hernia, but the surgeon who performed the second operation and two other physicians selected by the single member reported that they were unable to discover any hernia. The single member in the concluding paragraph of his report found upon all the evidence that he was not satisfied that the employee had had a recurrence of his hernia since the operation of March 29, 1944, but found and ruled "that he continues since that time to have weak abdominal walls, making heavy work as a laborer inadvisable in his case." The reviewing board struck out this paragraph, and specifically reserved the employee's future rights on the question of a recurrence of the hernia. The action of the reviewing board superseded that of the single member, and consequently there is no finding that the employee had a hernia resulting from his injury of August 23, 1943. *Di Clavio's Case,* 293 Mass. 259. *McCarthy's Case,* 314 Mass. 610. *Griffin's Case,* 318 Mass. 282. We must consider the case on the basis that it has not been found that at the time of the action by the reviewing board the employee was suffering from a hernia.

The single member found that the employee presents a history of weak abdominal walls which are far weaker than those that a man sixty years of age would normally have, and awarded compensation. The reviewing board found that the employee since the date of the second operation has continued to have weak abdominal walls, making heavy work as a laborer inadvisable, and awarded compensation. The insurer appealed from a decree ordering it to pay compensation.

No injury so far as appears was sustained by the employee after August 23, 1943, the date when he suffered a hernia. This injury and the recurrent hernia were doubtless compensable under the workmen's compensation act. *Gaglione's Case,* 241 Mass. 42. *Sylvia's Case,* 313 Mass. 313. *McSweeney's Case,* 318 Mass. 620. *Perrotta's Case,* 318 Mass. 737. There is no finding that the present condi-

tion of the abdominal walls of the employee was caused by that injury. Indeed, such a finding would not be warranted by the evidence. And the finding of the reviewing board that the employee has continued to have weak abdominal walls since March 29, 1944, cannot in view of the evidence be interpreted to mean that this condition commenced on that date. That finding means no more than that the condition described existed on the date mentioned and since. It describes an existing condition without any reference to its cause. Nowhere in the report of the single member or in that of the reviewing board is the cause stated. It may well be, as stated in the testimony, that the employee on account of the condition of his abdominal walls is susceptible to hernia, but as already pointed out there is no finding that he has a hernia. His present physical condition is not shown to be causally related to an injury. Compensation is payable only for a personal injury arising out of and in the course of employment. G. L. (Ter. Ed.) c. 152, § 26. *Pimental's Case*, 235 Mass. 598. *Crowley's Case*, 287 Mass. 367. *Beaudette's Case*, 314 Mass. 728. The most that appears in the testimony and findings concerning the condition of the abdominal walls of the employee since March 29, 1944, is that the muscles of the abdominal walls have become thin and attenuated from years of toil as a laborer in a foundry. Bodily wear and tear resulting from a long period of hard work is not a compensable injury even if it diminishes capacity to earn. *Maggelet's Case*, 228 Mass. 57. *Burns's Case*, 266 Mass. 516. *Doyle's Case*, 269 Mass. 310. *Reardon's Case*, 275 Mass. 24. *Belezarian's Case*, 307 Mass. 557.

The present case is distinguishable from *Gaglione's Case*, 241 Mass. 42, *Mills's Case*, 258 Mass. 475, and *Harrington's Case*, 285 Mass. 69, in all of which the employee sustained a hernia and the question was whether it was shown to have had a causal relation to the employment.

It follows that the decree entered in the Superior Court must be reversed, but the claim ought not to be dismissed without affording the employee an opportunity to obtain a finding as to whether or not he now has a hernia and, if

so, whether it was caused by the injury of August 23, 1943. A decree is to be entered remanding the case to the Industrial Accident Board for the purpose of making said findings.

*So ordered.*