## ALBERT E. LOVELY'S CASE.

Suffolk.    November 7, 1957. — December 11, 1957.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Jurisdiction
of Superior Court.    *Proximate Cause.    Evidence*, Opinion: expert.

Facts found by the Industrial Accident Board in a workmen's compensa-
tion case, that the employee felt pain in his side while carrying a heavy
object in the course of his work and in the evening the pains continued
and his groin started to swell, that thereafter he showed his employer
the swelling "on several occasions" and continued to work with diffi-
culty for two weeks, that he was operated on for a hernia about a
month after such incident, and that he had never had any difficulty in
the groin before such incident would justify the board, without the aid of
any medical evidence, in concluding that through the hernia he suffered
an incapacitating injury arising out of and in the course of his em-
ployment.    [515–516]
The circumstance that a decision of the Industrial Accident Board denying
compensation in a workmen's compensation case was based on an
erroneous ruling of the board that as matter of law a conclusion that
the employee had suffered a compensable injury could not be reached
solely on certain facts found by the board without the aid of medical
evidence did not justify a decree awarding compensation in the Superior
Court; it still was for the board to determine the ultimate fact in the
light of correct principles of law and the judge should have remanded
the case to the board for that purpose.    [516]

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board denying compensation under the
workmen's compensation act.

The case was heard by *Morton*, J., who entered a decree
awarding compensation.    The insurer appealed.

*Philander S. Ratzkoff*, for the insurer.

*George J. Elbaum*, for the claimant.

CUTTER, J.    The employee, who worked for a bakery as
a cook and dishwasher, was also required to bring supplies
up from the basement to the bakery.    On October 5, 1954,

while carrying a one hundred pound bag of sugar up the basement stairs, he felt pain in his right side. That evening, the pains continued and his groin started to swell. The employee reported the facts to his employer the next day and "asked him about going to a doctor and showed him the swelling on several occasions." He continued to work with difficulty for two weeks. On November 2, 1954, he "was operated on for a hernia." He returned to work for another employer in January at a weekly wage in excess of his average weekly wage at the time of the injury. "The employee never had any swelling or pain in the groin prior to this incident and was in good health." No medical testimony was offered in support of the claim. "No evidence was presented by the insurer to contradict the employee's testimony."

The single member and the reviewing board both found the facts summarized above. The single member awarded total disability and dependency compensation from November 2, 1954, the day the employee was admitted to the hospital, through January 19, 1955. The reviewing board stated that it was "constrained to deny the . . . claim," saying, "While it has been held . . . that . . . proof by direct medical testimony of causal relation between the employment and injury is not necessary and may be inferred, it has also been held that common knowledge, unaided by medical testimony, is not sufficient to sustain a finding that a strain is likely to originate a hernia nor is it sufficient alone to sustain a finding that incapacity subsequent to the occurrence of the hernia is related to the hernia."

On certification to the Superior Court by the employee, the award by the single member was reinstated and costs of $250 were awarded to the employee. The insurer appeals.

1. It is apparent that the reviewing board denied compensation by reason of what was in effect a ruling of law, namely, that, upon the facts, disability entitling the employee to compensation could not be found in the absence of the medical testimony already mentioned. The insurer

contends that this ruling was required by *Crowley's Case*, 287 Mass. 367.

In *Crowley's Case* the facts were substantially more complicated than those here present and there was obvious need of expert testimony to guide a lay administrative board. On Friday, October 30, 1931 (see page 369), while pushing a heavy barrel Crowley suffered a sudden, severe pain about which he complained to a fellow employee, but without stopping work. It did not appear serious. He worked the next day and then served for several weeks as a juror. On December 12, Crowley suffered pain while lifting a box and observed a gradually increasing swelling in the groin. This also did not cause him to stop work. He strained himself in the same place while lifting a heavy object off a hook (page 370) on March 17, 1932, and had to stop work for the rest of the day. He continued work until April 4 when he had an operation for a hernia. The employee made no report of the October 30 incident until he told his employer about it on March 17. The incident of December 12 was not mentioned until a report of all the incidents was made to the Century Indemnity Company, insurer on the risk up to December 1 (when the Globe Indemnity Company became the insurer). The reviewing board found that the injury was a result of the strain on October 30 and that the compensation awarded was chargeable to the Century Indemnity Company.

On appeal from a decree entered in the Superior Court in accordance with the reviewing board's decision, this court said, at pages 375–376, "[T]he evidence justified the finding that the employee received an injury on October 30, 1931. The unusual pain, and the sensation that something snapped in the body, were evidence of some lesion. The fact that at the moment the employee was doing work calling for great exertion, justified an inference, without the aid of medical testimony, that the injury arose out of and in the course of his employment. . . . But that injury, standing alone, made no case for compensation, for the employee was not incapacitated . . . until April 4 . . . .

In the meantime, after . . . Century . . . had ceased to be the insurer, the employee sustained two more strains . . . and discovered that he had a hernia. . . . [T]o hold . . . Century . . . the burden was on the employee to show that the incapacity . . . in April . . . because of hernia, was caused by the injury . . . on October 30 . . . and not exclusively by some independent intervening cause. . . . There was no medical testimony connecting the incapacity with the injury of October 30, 1931. Common knowledge may teach us that a 'strain' may make manifest or even aggravate an existing or incipient hernia, but unaided it does not enable a tribunal of fact to say that a 'strain' is likely to originate a hernia, much less that it probably did so in a particular case. Neither does it show that the incidents of December 12 . . . and March 17 . . . were mere consequences of the injury of October 30 . . . and not independent causes of the incapacity."

Upon the findings in the present case, even by strict application of the rule of the next to the last sentence just quoted from the *Crowley* case, it would have been open to the reviewing board to find that the strain of October 5, 1954, had made "manifest . . . an . . . incipient hernia." We think, however, that the language of this sentence in the *Crowley* case was used very specifically with reference to the complicated facts there involved, where the chain of causation was doubtful, and was not intended to have application to a simple situation like the present one, where, in point of time, the relationship between sudden strain at work, the first symptoms and the hernia was so close and immediate, and where, on the undisputed facts, a layman could clearly reasonably infer, without medical testimony, that the strain caused the hernia. We hold that the reviewing board on this record might reasonably have found (although, of course, it was not required as a matter of law to do so) that the incident of October 5 caused the injury.

Medical testimony is highly desirable in all cases and its absence is a proper ground for concern. However, the doctrine, expressed in *Crowley's Case*, that medical testimony

is essential, is not required to be applied in simple cases where a lay member of an expert administrative board can reasonably be permitted to relate incapacity to a specific injury or incident as a matter of general human knowledge and experience and without resort to what, in the absence of medical testimony, might partake of speculation and conjecture.

Our view finds support in *Harrington's Case*, 285 Mass. 69, 72. Compare *Chmielowski's Case*, 301 Mass. 379, 380; *Spalla's Case*, 320 Mass. 416, 418. In *Harrington's Case* it was held that the board could properly infer, without medical testimony, that an existing hernia had been aggravated by a particular injury or event. Other courts have reached substantially the same position which we now reach on comparable circumstances where clear symptoms and incapacity have closely followed an injury. *Hampton Roads Stevedoring Corp.* v. *O'Hearne*, 184 Fed. (2d) 76, 77–78 (C. A. 4). *Valente* v. *Bourne Mills*, 77 R. I. 274, 278–279. *DiFiore* v. *United States Rubber Co.* 78 R. I. 124, 128–130. See *Jarka Corp. of Philadelphia* v. *Norton*, 56 Fed. (2d) 287, 288 (D. C. Pa.); *Crowley's Case*, 130 Maine, 1, 3–4; Larson, Workmen's Compensation Law, §§ 79.50–79.62, 80.32. Compare *Veale Electric Co.* v. *Carmichael*, 205 Okla. 287, 288–289.

2. The Superior Court should not have awarded compensation but should have remanded the case to the board for further proceedings. The board showed by its opinion that it based its denial of compensation on the mistaken belief that, as a matter of law, it had no power to make an award in the absence of medical testimony. Nevertheless, it was not for the trial judge to make the ultimate conclusion of fact. That was to be done by the board in accordance with correct principles of law. *Evans's Case*, 299 Mass. 435, 438. *Dillon's Case*, 324 Mass. 102, 108–109. See *Corey's Case*, ante, 172, 174.

3. The decree of the Superior Court is reversed. The case is to be remanded to the board for further proceedings consistent with this opinion.

*So ordered.*