GORDON W. BLEVINS's CASE. January 21, 1983. The judge affirmed the decision of the reviewing board, which in substance found that the employee had sustained an injury to his neck in March, 1979, as a result of hauling a heavy hose in the performance of his duties as an oil delivery man. The evidence amply supported the findings that the employee was disabled and that the motions involved in his work were causally related to the disability. The insurer's contention in this appeal is that the only "injury" causally related to the disability was one sustained in 1962, when the employee worked for another oil delivery company insured by another carrier, and that the employee's present disability falls within the scope of the "wear and tear" line of cases. See *Maggelet's Case,* 228 Mass. 57, 61 (1917); *Burns's Case,* 266 Mass. 516, 518 (1929); *Spalla's Case,* 320 Mass. 416, 418 (1946); *Begin's Case,* 354 Mass. 594, 596-597 (1968); *Zerofski's Case,* 12 Mass. App. Ct. 154 (1981), *S.C.* 385 Mass. 590 (1982); Locke, Workmen's Compensation § 175 (1981).

The medical opinions relied on by the board are not entirely unambiguous, indicating, for example, that the employee's disabled condition (acute cervical radicular syndrome with extensive cervical osteoarthritis) is the result of "progression of the osteoarthritis and the degenerative cervical discs culminat[ing] in increasing pain with continuation of his heavy work, such as pulling and rolling up oil hoses." But the medical testimony also indicates that the employee's symptoms took a dramatic turn for the worse beginning around March 8, 1979, until the time he left work on March 23, 1979, and was hospitalized; that the severe pain was the product of root irritation in the upper extremities and spinal cord compression in the cervical spine; and that the condition was aggravated by the upper body stresses of hauling heavy hose "in the middle of a bad winter filling oil tanks and working on his truck." There was also evidence that March was the first time the employee had complained of pain and numbness radiating into his upper extremities and that those symptoms were not the product of an automobile accident in September, 1978. While the case is close, we think that the board could properly have taken the view that the employee's disability was in part the result of a specific series of stressful episodes in March, 1979, rather than a mere natural progression of the employee's underlying osteoarthritic disease and that his claim is therefore analogous to such cases as *Pell* v. *New Bedford & Edison Light Co.,* 325 Mass. 239 (1950), *Brzozowski's Case,* 328 Mass. 113 (1951), *Albanese's Case,* 378 Mass. 14 (1979), and *Trombetta's Case,* 1 Mass. App. Ct. 102 (1973). The decisive factors, we think, are that (as the board could find) the onset of the symptoms was not gradual but sudden; that the causally related work activity was not mere walking, as in *Burns's Case* and *Zerofski's Case,* but involved heavy hauling; that the work in March was more than ordinarily stressful; and that the result-

ing condition was "not common and necessary to all or a great many oc-
cupations," *Zerofski's Case,* 385 Mass. at 594-595.

*Judgment affirmed.*

*John B. Brennan* for U. S. Fidelity & Guaranty Company.
*Joseph R. Buttner* for the employee.
*Ann Louise Levine* for Aetna Casualty and Surety Company.