## Gustafson et al., Appellants, *v.* Kennywood Park Corporation.

Argued October 9, 1935. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

548

*Henry Kauffman,* with him *Louis Little,* for appellants.

*J. Roy Dickie,* of *Dickie, Robinson & McCamey,* for appellee.

PER CURIAM, November 25, 1935:

Plaintiffs sued to recover for injuries received by the minor plaintiff alleged to be due to defendant's negligence. The court below awarded a nonsuit, holding that negligence had not been shown. The testimony supports this conclusion.

Defendant corporation conducts an amusement park in Allegheny County known as Kennywood Park, in a section of which there are various devices particularly for the amusement of children. One of these is a type of seesaw consisting of two parallel iron bars bound together with rungs, like a ladder, and suspended at the center from an iron standard, extending approximately six feet above the ground, in such a way that children standing on the surface may grasp the rungs at each end and seesaw as they swing up and down on the contrivance. The minor plaintiff, a boy twelve years of age, was not familiar with this apparatus and was injured the first day he came to the playground. Left alone temporarily by the boy with whom he visited the park, he climbed on the upper side of the ladder and crawled

to the point where it pivoted on the supports. Here in some unexplained way his hand was caught in a part of the mechanism and one of the fingers seriously crushed.

There is nothing in the record to indicate that the appliance on which the boy was playing was defective in any part, or that, as plaintiffs argue, it was so inherently hazardous that ordinary care and prudence (which is all that could be demanded of defendant) required the constant presence of an attendant: Lausterer et ux. v. Dorney Park Construction Co., 100 Pa. Superior Ct. 33. Rather, the experience of the park management seems to have been to the contrary. The only testimony on this question was by one of plaintiffs' witnesses, an uncle of the minor plaintiff, who, several years before, had been for two years a caretaker in the park in charge of the children's playground, and who said that, while children at times climbed up the ladder (meaning the cross pieces which bound together the two parallel sides of the device) instead of swinging beneath it, and "had to be chased down," he had not seen any one seriously hurt; the only injuries had been minor cuts and scratches received from falling on the ground beneath the seesaw.

The judgment of nonsuit is affirmed.