## Gleason, Guardian, et al., Appellants, v. Pittsburgh Housing Authority.

Argued March 28, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Clyde P. Bailey,* with him *Bailey & Critchfield,* for appellants.

*J. Roy Dickie,* with him *Hamilton A. Robinson* and *Dickie, Robinson & McCamey,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, May 27, 1946:

This is an action in trespass by George Gleason, as natural guardian of William Ross Gleason, a minor, and by George Gleason and Kathryn N. Gleason, as parents in their own right, to recover for personal injuries sus-

tained by the boy when he fell from a sliding board erected by The Housing Authority of the City of Pittsburgh in connection with one of its housing units known as the Arlington Heights Housing Project.

At the time of the injuries, plaintiffs occupied an apartment in defendant's Arlington Heights Project. To the rear of the building in which they resided was located a concrete playground area provided by the defendant, equipped with various playground facilities including a stationary sliding board of the type usually provided for the use of children. Its highest point was six feet above the cement playground surface in which it was anchored. On November 13, 1944, the minor plaintiff, then four years old, fell from the top of the sliding board to the cement surface below, fracturing his skull. Neddie Gleason, brother of the injured and only witness to the manner in which the injuries occurred, testified that minor plaintiff was in the act of climbing up the sliding board itself when he fell; that he did not go up the steps but climbed up the board; that as he reached the top of the sliding board, on his hands and knees, he turned around to look at the witness, who was at the bottom at the time, lost his balance and fell over the side to the cement surface below.

It is admitted that the sliding board was of the standard pattern in general use; an approved appliance for outdoor recreation and diversion of children; and that it was not defective in any respect. The negligence alleged was erection of the slide over a cement instead of a dirt surface, failure of defendant to provide an attendant, and failure to erect fences to exclude children when an attendant was not available. A motion for compulsory nonsuit and a point for binding instructions in defendant's favor were refused. The case was submitted to the jury which returned a verdict for defendant. Plaintiffs moved for a new trial, which was denied, and these appeals followed.

The alleged trial errors are immaterial. On the evidence presented a compulsory nonsuit should have been

entered. An ordinary child's sliding board is not an inherently dangerous appliance requiring the presence of an attendant, or in lieu thereof a fence to exclude children from the use for which it is designed: *Gustafson v. Kennywood Park Corporation*, 319 Pa. 547, 181 A. 508. Nor does the fact that the sliding board was erected over a cement surface rather than over some other type of surface afford any basis for imposing liability on the defendant for the injuries sustained. This would be but an additional factor of safety and raises no inference that sliding boards without such safeguard are dangerous or defective. While the character of the surface may have affected the extent of minor plaintiff's injuries it makes no difference in searching out the cause of the fall: *Zlates v. Nasim*, 340 Pa. 157, 16 A. 2d 381.

In *McHugh v. Reading Company*, 346 Pa. 266, 30 A. 2d 122, this Court (opinion by Mr. Justice STERN) said (at pp. 268, 269, 270) : "We have not been referred by counsel to any Pennsylvania case, nor has our own research disclosed any, in which recovery was allowed against the possessor of land, even though a permissive playground, where a child was injured merely by falling or jumping from a stationary object or structure on the property. . . . No danger is more commonly realized or risk appreciated, even by children, than that of falling; consciousness of the force of gravity results almost from animal instinct. . . . It may be that some children, while realizing the danger, will disregard it out of a spirit of bravado . . . but the possessor of land is not to be visited with responsibility for accidents due to this trait of children of the more venturesome type. . . . If the range of liability . . . were to be extended to a situation such as that here presented, the law would cease to be in harmony with the practical considerations which properly govern community life." This applies with equal force to the case at hand. See also *Schmidt v. City of Vallejo*, 122 Cal. App. 5, 10, 10 P. 2d 107.

Judgment affirmed.