HELEN E. McCARTHY *vs.* CONTRIBUTORY RETIREMENT
APPEAL BOARD.

Suffolk.   January 6, 1961. — February 7, 1961.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Retirement.   Proximate Cause.   Death.   State Administrative Procedure
Act.   Superior Court,* Jurisdiction.

Medical testimony heard by the contributory retirement appeal board respecting a member of the House of Representatives who, after having been afflicted with hypertension for many years, suffered a "cerebral spasm" and collapsed while speaking in the House and thereafter received hospital and other treatment from time to time for nearly four years, when he died of chronic depressive heart disease, did not show that a decision by the board, in effect that the incident in the House was not the proximate cause of his death within G. L. c. 32, § 9 (1), was "Unsupported by substantial evidence" within § 14 (8) (e) of the State administrative procedure act, c. 30A. [47–48]

On a review of a decision of the contributory retirement appeal board by the Superior Court under § 14 of the State administrative procedure act, G. L. c. 30A, independent findings of fact by that court were not constitutionally required and it had no power to make such findings and set aside the decision of the board as unwarranted thereby. [49]

PETITION filed in the Superior Court on May 12, 1958.

The respondent appealed from a decree entered after hearing by *Tomasello, J.*

*Herbert E. Tucker, Jr.,* Assistant Attorney General, for the respondent.

*Edward U. Lee,* for the petitioner.

SPALDING, J.  This is a petition under G. L. c. 30A, § 14 (the State administrative procedure act), inserted by St. 1954, c. 681, § 1, to review a decision of the contributory retirement appeal board (hereinafter called appeal board) established under G. L. c. 32, § 16 (4), as appearing in St. 1945, c. 658, § 1.

Paul A. McCarthy, the petitioner's late husband and a member of the State contributory retirement system, "on August 8, 1951, was and for some years had been a Representative in the General Court from the Somerville District." "[O]n August 8, 1951, while he was speaking on some vital bill . . . in the performance of his duties, he collapsed and fell to the floor as a result of a cerebral spasm or accident." He had been afflicted with hypertension "for some years prior to August 8, 1951." Thereafter he was in and out of hospitals and received treatment from time to time. He died from chronic depressive heart disease in April, 1955, after having been confined to his bed "for some time." The foregoing facts were found by the appeal board and are not in dispute.

The question at the hearing before the appeal board was whether the incident on August 8, 1951, was the proximate cause of McCarthy's death.  The evidence, discussed below, was conflicting, but the appeal board found that McCarthy "did not die as the natural and proximate result of a personal injury sustained at a definite time and at a definite place as required by G. L. c. 32, § 9." It accordingly held that his widow, the petitioner, was not entitled to the death benefits under that section, thus affirming the action of the State board of retirement denying the petitioner's application.  On petition for review under G. L. c. 30A, § 14, the judge ruled that "[u]pon a consideration of the entire

record . . . the decision of the appeal board is unwarranted by facts found by the court on the record as submitted'' and found that the death was within the terms of § 9.[1] The decision of the appeal board was set aside and a decree was entered adjudging that the petitioner was entitled to the benefits provided by § 9. The board appealed. G. L. c. 30A, § 15.

The material portions of G. L. c. 32, § 9 (1), are: ''If the board, upon receipt of proper proof, finds that any member [of the contributory retirement system] in service died as the natural and proximate result of a personal injury sustained or a hazard undergone as a result of, and while in the performance of, his duties at some definite place and at some definite time . . . without serious and wilful misconduct on his part, the payments and allowances hereinafter referred to . . . shall be granted to his beneficiary or beneficiaries . . . .'' It has been held that a death under facts somewhat similar to those in the case at bar can be found to be within the terms of § 9. *Baruffaldi* v. *Contributory Retirement Appeal Bd.* 337 Mass. 495.

In a judicial review under § 14 a decision of an administrative agency can be set aside on any of the grounds set forth in subsection (8), but the only ground here pertinent is (e). Thus, our inquiry is whether the decision of the appeal board was '' [u]nsupported by substantial evidence.'' ''Substantial evidence'' is defined in § 1 (6) as ''such evidence as a reasonable mind might accept as adequate to support a conclusion.''[2]

The evidence supporting the decision of the appeal board was essentially this. One Dr. Skvirsky, who had examined McCarthy after his collapse on August 8, 1951, testified that McCarthy ''had had hypertension for a number of years'';

---

[1] No facts, however, were expressly found by the court.

[2] This definition accords with the definition of substantial evidence in our decisions. See *Jordan Marsh Co.* v. *Labor Relations Commn.* 316 Mass. 748, 756–757; *Goddu's Case*, 323 Mass. 397, 401–402; *Ramos's Case*, 330 Mass. 686, 688–689; *Sinclair* v. *Director of the Div. of Employment Security*, 331 Mass. 101, 102; *Singer Sewing Mach. Co.* v. *Assessors of Boston*, 341 Mass. 513, 517; The Massachusetts Administrative Procedure Act, Curran and Sacks, 37 B. U. L. Rev. 70, 96–97 (1957).

that "it might have been inevitable that he was doomed to have a cerebral hemorrhage if his blood pressure was as high as 230 over 130 at any one time"; that his hypertension was organic, not emotional; and that he did not have much stress and strain in connection with his service in the House of Representatives. Dr. Skvirsky expressed the opinion that, on the basis of McCarthy's history of sixteen years of hypertension prior to his death, the debate in the House which brought about this cerebral spasm or accident was not an accident which brought about his ultimate death. A letter from a Dr. Sprague, who had examined the McCarthy file, was introduced. It stated, in part, "I do not consider it a reasonable assumption to consider that service in the Legislature is a hazardous undertaking, particularly to an individual engaged in legislative work for seventeen years. . . . It is my opinion that the medical progress of this case was entirely consistent with the natural progress of his disease and with the unpredictable nature of attacks of heart failure and death in hypertensive coronary artery disease."

The petitioner contends that the effect of Dr. Skvirsky's testimony was destroyed because he admitted that he had told McCarthy to quit his job. The appeal board, however, need not have inferred that McCarthy's death was caused by the cerebral accident on the House floor, merely because a doctor had advised him to retire.[1]

There was, to be sure, evidence tending to show that McCarthy's death was a result of the August, 1951, debate within the terms of § 9 (1). But it cannot be said that there was no evidence from which a reasonable mind could reach a contrary conclusion. This is not a case where all the evidence supporting the appeal board's findings lacks essential qualities of trustworthiness, and the petitioner does not so contend. Compare *Sinclair* v. *Director of the Div. of*

---

[1] Dr. Sprague qualified his opinion by saying, "If it was the opinion of these physicians [other physicians involved in the case] that Mr. McCarthy's work was a grave danger to his health, then it seems to me that there should have been some statement that these physicians had instructed him to retire when his hypertension was apparently intractable in 1946." There was no evidence that McCarthy was advised to retire in 1946.

*Employment Security,* 331 Mass. 101, 103–104. Nor is this a case where the decision of the appeal board is not in accord with the facts found. Compare *Baruffaldi* v. *Contributory Retirement Appeal Bd.* 337 Mass. 495, 498–502.

The judge stated that the decision of the appeal board was "unwarranted by facts found by . . . [him] on the record as submitted." Under G. L. c. 30A, § 14 (8), the court on review is not empowered to make independent findings of fact unless "the substantial rights of any party may have been prejudiced because the agency decision is . . . (f) Unwarranted by facts found by the court on the record as submitted or as amplified under paragraph (7) of this section, *in those instances where the court is constitutionally required to make independent findings of fact*" (emphasis supplied). There was no such requirement here. The judge, therefore, had no power to make independent findings. See *Willand's Case,* 321 Mass. 677, 678. Whether McCarthy's death was within the terms of § 9 (1) was a question to be decided by the appeal board. If its decision rested on substantial evidence—and we hold that it did—the judge had no power to set it aside.

Since we hold that the appeal board was warranted in finding that the death was not within the terms of § 9 (1), there is no need to decide whether recovery is barred by the alleged failure to comply with the notice provisions of that section.

The final decree setting aside the decision of the appeal board is reversed and a new decree is to be entered affirming the decision of the board.

*So ordered.*