MARY CATALDO *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD.

Norfolk.    November 7, 1961. — December 8, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Retirement. Death. Proximate Cause. State Administrative Procedure Act. Evidence,* Opinion: expert.

An opinion of a medical witness, that a preëxisting "heart condition" of a boiler room engineer, who asked to be relieved because of illness while at work but was not relieved and was found unconscious on the floor of the boiler room some two hours later, would have been aggravated by the burden of his responsibility for the boiler room during the two hours, was, on the evidence, based on conjecture. [313–314]

On evidence in a proceeding for death benefits under G. L., c. 32, § 9 (1), that a boiler room engineer with a preëxisting "heart condition," while

working on a second consecutive eight hour shift, became ill and asked to be relieved but was not relieved, and that he was found unconscious on the floor of the boiler room some two hours afterwards and died of acute myocardial infarction later the same day, a finding by the contributory retirement appeal board that there was no causal connection between the performance of his duties and his death was not erroneous in law or "unsupported by substantial evidence" within c. 30A, § 14 (8). [314]

PETITION for review filed in the Superior Court on December 21, 1959.

The case was heard by *DeSaulnier, J.*

*John E. Herlihy,* for the petitioner.

*Edward J. McCormack, Jr.,* Attorney General, *& Herbert E. Tucker, Jr.,* Assistant Attorney General, for the respondent, submitted a brief.

WILLIAMS, J. Mary Cataldo, widow of Louis Cataldo, a member of the State contributory retirement system, has applied for allowance of the benefits provided by G. L. c. 32, § 9 (1).

Her application was denied by the State board of retirement and on her appeal, by the contributory retirement appeal board. She filed a petition for review in the Superior Court, G. L. c. 30A, § 14, which affirmed the decision of the appeal board. The case is before us on the appeal of the petitioner from the decree of the Superior Court.

There was evidence at the hearing before the appeal board that Cataldo, the deceased, was employed at the Pondville State Hospital as a third class power plant engineer. On November 22, 1957, he went to work at 3 P.M. on a shift which ended at 11 P.M. The engineer who was scheduled to relieve him did not report for work at 11 P.M. and the deceased agreed to continue work on a second shift which would end at 7 A.M. on November 23. About 3 A.M. he became ill and asked the chief engineer to be relieved. No relief was sent. At 5 A.M. or shortly thereafter he was found unconscious on the floor of the boiler room where he had been working alone. He died the same morning at 10:45 A.M., his death being caused by acute myocardial infarction. There was testimony by a medical witness, who had never seen the deceased, that if Cataldo were sick

enough to ask for relief and failed to receive it for two and one half hours the burden of his responsibility for the boiler room would aggravate his existing heart condition. He was fifty-two and previously had a "heart condition." The contributory retirement appeal board found that Cataldo did not die from an injury sustained by him in, and that his death was not causally related to, the performance of his duties.

Chapter 32, § 9 (1), requires as a condition for the allowance of death benefits that the member be found to have died as the natural and proximate result of a personal injury sustained or a hazard undergone as a result of, and while in the performance of, his duties at some definite time and place. See *McCarthy* v. *Contributory Retirement Appeal Bd.*, 342 Mass. 45.

The only pertinent grounds for setting aside the decision of the appeal board would be that it was based upon an error of law or unsupported by substantial evidence. G. L. c. 30A, § 14 (8) (c), (e). "Substantial evidence" is defined in § 1 (6) to be "such evidence as a reasonable mind might accept as adequate to support a conclusion." *McCarthy* v. *Contributory Retirement Appeal Bd.*, 342 Mass. 45, 47. There was no evidence of what the deceased was doing before or at the time of his heart attack to support the claim of a physical injury and no evidence of any occupational hazard to which he was subjected. The opinion of the medical witness was based on conjecture. There was no evidence from which it could be found that after his call for relief the deceased was adversely affected by the burden of a protracted period of responsibility. So far as appears the heart attack may have followed immediately on his call.

The findings of the appeal board must be taken to mean that the applicant for benefits had not sustained her burden of proof. They were not erroneous as matter of law and were supported by substantial evidence sufficient to warrant a finding of the negative.

*Decree affirmed.*