SALVATORE ZAVAGLIA *vs.* CONTRIBUTORY RETIREMENT
APPEAL BOARD & another.

Essex.    November 8, 1962. — February 14, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Retirement.    Statute,* Construction.    *Words,* "Personal injury."

The words "personal injury" in G. L. c. 32, § 7 (1), inserted by St. 1945,
c. 658, § 1, have the broad meaning given them in the Workmen's Com-
pensation Act.    [485–486]
A disabling lung condition suffered by a municipal employee due to ex-
tended exposure to dust and dirt in the course of his work was a "per-
sonal injury" within G. L. c. 32, § 7 (1), inserted by St. 1945, c. 658,
§ 1.    [486]
A "personal injury" sustained by a public school janitor and fireman
through his being disabled by a lung condition resulting from exposure
to dust and dirt while shoveling coal and cleaning school rooms during
his working hours over a period of years could have been found to have
been sustained "as a result of, and while in the performance of, his
duties at some definite place and at some definite time" within G. L.
c. 32, § 7 (1), inserted by St. 1945, c. 658, § 1.    [486–487]

PETITION filed in the Superior Court on May 1, 1961.

The petitioner appealed from a decree entered following
a hearing by *Gourdin,* J.

*John A. McNiff* for the petitioner.

*Edward J. McCormack, Jr.,* Attorney General, *& Herbert
E. Tucker, Jr.,* Assistant Attorney General, for the respond-
ent Contributory Retirement Appeal Board, submitted a
brief.

KIRK, J.    The petitioner (Zavaglia), under G. L. c. 30A,
§ 14 (State Administrative Procedure Act),[1] seeks a review
of a decision by the Contributory Retirement Appeal Board
(appeal board) established by G. L. c. 32, § 16 (4).[2]   Zava-
glia's application for retirement under G. L. c. 32, § 7, was

_____

[1] Inserted by St. 1954, c. 681, § 1.

[2] As appearing in St. 1945, c. 658, § 1, and as amended by St. 1949, c. 618,
§ 8, and St. 1956, c. 422, § 1.

denied by the Salem retirement board (Salem board). The appeal board affirmed the decision of the Salem board and dismissed the appeal. In the Superior Court a decree was entered affirming the appeal board's decision.

The case was submitted to the appeal board, to the Superior Court, and now is before us on a statement of agreed facts, which we summarize. From 1947 to April 10, 1959, Zavaglia had been employed in the school department of the city of Salem as a custodian, janitor, and fireman. Prior to his employment, he had no pulmonary trouble. On the latter date he had difficulty in breathing, was very tired, was wheezing, and felt he could not work any more. From the beginning of his employment his duties required him to shovel coal into the boilers several hours daily during the cold months of the year. Some of the school buildings where he was assigned to work were about 100 years old. The boiler rooms were small. He coughed up black coal dust. "[B]lack stuff" came from his nose. In addition, when cleaning the buildings, he was exposed to chalk dust and other forms of dust. In 1948, he began to cough and could feel congestion in his chest. In 1951 he was told by a doctor, since deceased, that he had asthma. Pursuant to the doctor's suggestion he went to the allergy clinic at the Soldiers' Home where in 1951 the diagnosis of asthma was confirmed. He received medical treatment. In 1952 and again in 1957 he was admitted to the Salem Hospital because of his wheezing and coughing.

The majority of the medical panel (designated under G. L. c. 32, § 6 [3]) : (1) made the diagnosis that Zavaglia's condition was "A. Bronchial Asthma, chronic due to allergy to dust, molds & tobacco. B. Pulmonary Emphysema, severe"; (2) concluded that he was physically incapacitated for further duty; and (3) determined that "the disability . . . [was] the natural and proximate result of the accident or hazard undergone on account of which the retirement is claimed."

Zavaglia's appeal to the appeal board was dismissed on the ground that he had failed to prove "that his injury oc-

curred at a definite time and at a definite place" as required by G. L. c. 32, § 7. This decision, affirmed by decree in the Superior Court, is the subject of our review.

1. The standards established by the Legislature to govern the judicial review of a decision by an administrative agency are set out in G. L. c. 30A, § 14 (8). *McCarthy* v. *Contributory Retirement Appeal Bd.* 342 Mass. 45, 47. In the instant case we are called upon to determine whether the decision of the appeal board was based upon an error of law (G. L. c. 30A, § 14 [8] [c]) which has substantially prejudiced Zavaglia's rights. More precisely stated, we are to pass upon the correctness of the appeal board's interpretation of G. L. c. 32, § 7 (1), which, so far as material, provides: "Any member . . . who becomes totally and permanently incapacitated for further duty . . . by reason of a personal injury sustained or a hazard undergone as a result of, and while in the performance of, his duties at some definite place and at some definite time . . . shall be retired . . . ."

The appeal board did not reach the question of causation. It dismissed the appeal because of Zavaglia's failure to prove that his condition, or injury, was sustained at a definite time and at a definite place. For the purposes of this decision we shall assume that a causal connection had been established between Zavaglia's lung condition and his employment.

2. We think it is clear under our decisions that Zavaglia's lung condition is a "personal injury" as that term is used in G. L. c. 32, § 7 (1). By St. 1945, c. 658, § 1, inserting § 7 (1), the words "personal injury sustained" were substituted for the word "accident" formerly used in § 31 (1) as appearing in St. 1936, c. 318, § 1, the predecessor of § 7 (1). Similarly, with respect to the death benefit section, by St. 1941, c. 379, § 9, revising the predecessor section, § 31B as appearing in St. 1936, c. 318, § 1, the words "personal injury sustained" were substituted for the previous word "accident" in subsection (1) of § 31B; and by St. 1945, c. 658, § 1, inserting the present § 9 (1), the words "personal

injury sustained'' were retained.   In *Baruffaldi* v. *Contributory Retirement Appeal Bd.* 337 Mass. 495, 500–501, it was stated that the words ''personal injury'' as used in present § 9 (1) are to be given a broad meaning comparable to the interpretation given to them in the Workmen's Compensation Act.   Manifestly their meaning in present § 7 (1) of c. 32 should be the same as their meaning in present § 9 (1) of the same chapter.   Under the Workmen's Compensation Act, a lung condition which is the result of extended exposure to dust is a personal injury.   *DeFilippo's Case,* 284 Mass. 531, 532 (1933).   *McKeon's Case,* 326 Mass. 202, 205. It follows that Zavaglia's bronchial asthmatic condition, if due to extended exposure to dust and dirt, must also be considered a personal injury within § 7 (1) of c. 32.

3.   Another aspect of the question is presented by the appeal board's decision that Zavaglia had failed to prove that his ''personal injury'' was sustained ''at a definite time and at a definite place.''   The appeal board stated in summary that Zavaglia had no asthma or allergy in 1947, but did have a condition diagnosed as bronchial asthma in 1951.   It therefore concluded that the condition must have arisen at some time during the four year period, ''and this is not at a definite time and at a definite place within the meaning of'' G. L. c. 32, § 7 (1).   We think that the statement by the appeal board involves a misinterpretation of the statute.

The predecessor statute, § 31 (1), as appearing in St. 1936, c. 318, § 1, read, so far as pertinent, as follows: ''as the natural and proximate result of an accident or of undergoing a hazard peculiar to his employment, *in the performance and within the scope of his duty at some definite time and place . . .*'' (emphasis supplied).   In 1941 this statute was interpreted in *Hough* v. *Contributory Retirement Appeal Bd.* 309 Mass. 534, where the court said at page 538, ''Benefits under § 31 are based upon disability due to an *accident* or hazard peculiar to his employment incurred at some definite time and place *while the member was engaged in the performance of his duties*'' (emphasis supplied).

Thereafter, by St. 1945, c. 658, § 1, inserting present § 7 (1), the Legislature not only substituted, as earlier indicated, the words "personal injury sustained," but changed the sequence of the words in the quoted *Hough* interpretation of the predecessor statute. Present § 7 (1) reads: ". . . by reason of a *personal injury* sustained or a hazard undergone as a result of, and *while in the performance of, his duties at some definite place and at some definite time* . . ." (emphasis supplied). See *Druzik* v. *Board of Health of Haverhill,* 324 Mass. 129, 133.

The Legislature has made it plain by the 1945 amendment that its intention was to broaden the coverage, and that a personal injury, including one of a cumulative nature, is encompassed within the disability provisions of the statute. The personal injury need not be the product of a single event. The statutory requirements of place and time would be met by a showing that the personal injury was sustained as the result of Zavaglia's shoveling coal and cleaning school rooms in the places where he worked and during the hours of his work.

The decision of the appeal board, in so far as it is based upon its interpretation of G. L. c. 32, § 7, is based upon an error of law, which has substantially prejudiced Zavaglia's rights. Accordingly, the final decree affirming the decision must be reversed. The decision, however, made no finding as to the causal connection between Zavaglia's work and his injury. That question must be decided by the appeal board. *McCarthy* v. *Contributory Retirement Appeal Bd.* 342 Mass. 45, 49. The case is to be remanded to the appeal board for further proceedings not inconsistent with this opinion.

*So ordered.*