EASTHAMPTON CONTRIBUTORY RETIREMENT BOARD & another vs. CONTRIBUTORY RETIREMENT APPEAL BOARD & another. May 28, 1964. Decree affirmed. The decedent Stone, recreation director of Easthampton, had been engaged in batting out baseballs to a local American Legion baseball team on Sunday, June 5, 1955, when he complained of stomach pains. He died shortly thereafter. The respondent appeal board, after several hearings, reversed the decision of the Easthampton contributory retirement board on July 17, 1959, ruling that Stone died of a heart attack while engaged in the performance of his duties as a recreation director and that his widow was entitled to accidental death benefits under G. L. c. 32, § 9. On a petition for review brought under G. L. c. 30A, § 14, the Superior Court remanded the matter to the appeal board for the taking of additional medical evidence on the cause of the heart attack and its relation to the duties of Stone. At the hearing thus ordered certain medical testimony was introduced following which the appeal board found that "the heart attack which resulted in the death of . . . Stone was a natural and proximate result of a personal injury sustained as a result of and while in the performance of his duties within the meaning of the statute." The petitioners appeal from the decree of the Superior Court affirming the decision of the appeal board. There is no error. There was substantial medical evidence at the last hearing before the appeal board sufficient to warrant the finding of the relationship between the exertion of batting out baseballs and Stone's death. See Teachers' Retirement Bd. v. Contributory Retirement Appeal Bd. 346 Mass. 663. Compare State Bd. of Retirement v. Contributory Retirement Appeal Bd. 342 Mass. 58. There was also substantial evidence that part of Stone's duties as recreation director consisted of the activity in which he was engaged immediately prior to his death.

Joseph J. Hurley for the petitioners.

Newman A. Flanagan for the intervener, Mary A. Stone.

David W. Hays, Assistant Attorney General, for the respondent Contributory Retirement Appeal Board.

ROBERT FIELDS vs. LYNN OBERSTEIN. May 28, 1964. Exceptions overruled. This is an action of tort to recover damages for personal injuries alleged to have been sustained by the minor plaintiff, Robert, on May 24, 1957, in the defendant's nursery. At the time of the accident Robert was four years and four months old. He was found "lying beside the slide." It was described as "a regular slide that one usually finds in playgrounds." We have examined the record and are satisfied that the evidence was insufficient to remove the cause of the accident from conjecture. The evidence was also insufficient to prove that supervision or lack of supervision by the defendant was the proximate cause of Robert's injury. The instant case is clearly distinguishable from Sullivan v. Hamacher, 339 Mass. 190, and others cited by the plaintiff. There was no error in the direction of a verdict for the defendant.

John Landfield (William J. O'Brien with him) for the plaintiff.

Sturtevant Burr (Paul V. Kenneally with him) for the defendant.