Robert W. ROMMEL, Infant, etc., Appellant,

v.

LOUISVILLE SHOPPING CENTER, INC., Appellee.

Court of Appeals of Kentucky.

Nov. 29, 1968.

Rehearing Denied Feb. 21, 1969.

Harry L. Hargadon, Hargadon, Hargadon, Lenihan & Harbolt, Louisville, for appellant.

Lively M. Wilson, Stites, Peabody & Helm, Louisville, for appellee.

WADDILL, Commissioner.

Appellant, Robert Rommel, an infant six years of age, by his father as next friend, instituted this action against appellee, Louisville Shopping Center, Inc. to recover damages for personal injuries he sustained when he fell from a sliding apparatus provided by appellee in the recreational area of its shopping center. The trial court directed a verdict in favor of appellee, and a judgment was accordingly entered. The primary question on this appeal is whether appellee was entitled to the directed verdict in its favor. We answer in the affirmative.

Robert Rommel, accompanied by his parents, went to the Louisville Shopping Center, Inc. to attend a magic show and to see the Christmas display of toys. Thousands of people were at the shopping center when the Rommels arrived there. While Mrs. Rommel was shopping, Mr. Rommel and his young son, Robert, went to the children's play area where children's recreational devices were available and free for public use.

With regard to the pertinent events leading to his fall and injuries young Robert testified as follows:

"What did you do after the show?

"A We went to the sliding board.

"Did you play on the sliding board?

"A Yes, sir.

"Do you remember getting hurt?

"A Yes, sir.

"Do you remember what happened once you got up on the sliding board?

"A Well, somebody pushed me off.

On cross-examination he stated:

"Had you been—had you all been sliding there some before? Had you been down before this thing happened?

"A Yes, sir.

"Been down once or twice before?

"A Yes, sir.

Robert's father, who was sitting on a bench located near the recreational area when his son was injured, testified concerning his son's accident, thusly:

"And you took the boy to the play area?

"A That's right.

"* * * describe the area itself when you got there with Robbie as to the number of people that were in it.

"A Well, it was just a mass of children.

"All right—

"A (Interrupting) Crowded—Crowded with kids.

"Then what happened?

"A Well, Rob started going up and down. I sat down over there. He went up and down a few times and I was watching him. And then I opened up some kind of literature or something somebody handed me out there, and I saw it like that.

"You saw him fall, is that correct?

"A Yes, sir.

"21 Did you see him actually get pushed from the board?

"A No, sir, I did not.

"22 Where was the last place you saw him before you saw him fall?

"A Either right at the top or on the step or two from the top.

"23 Were there many or few children on the sliding board at that time?

"A On the board itself?

"24 Well, on the approach to the board.

"A Oh, there was one on every step, and then there was a line of maybe eight, ten, twelve kids on the floor.

"25 When he fell what did you do?

"A Well, I ran over there to him. * *."

The sliding apparatus from which Robert fell may be described as a stationary fixture composed of a circular, metallic chute, having no moving parts. To use the chute a child must climb a flight of ladder-like rungs to a height of approximately eight feet where a small triangular-shaped platform is located which is partially enclosed by guard rails. At this point one side of the platform connects with the chute (or sliding board) providing the descent on the chute to the floor.

 Robert's status on the occasion he was injured was that of a business visitor at the shopping center. Restatement, Torts, Section 332, page 900. Therefore, the appellee was required to exercise reasonable care to keep the sliding equipment in a reasonably safe condition for his use. Park Circuit & Realty Co. v. Coulter, 233 Ky. 1, 24 S.W.2d 942; 4 Am.Jur.2d, Amusements and Exhibitions, Section 93, pages 46, 217. However, there is no evidence that would justify the conclusion that Robert's fall was due to the fact that the sliding apparatus was inherently dangerous or that it was structurally defective. Therefore, for lack of merit, we dismiss appellant's contention that appellee breached its duty to use ordi-

nary care in respect to the maintenance of its sliding apparatus. See annotation, 69 A.L.R. 1069.

 Robert testified he was pushed from the sliding equipment. His testimony is uncontradicted. Hence, the question arises concerning whether appellee was negligent in failing to provide proper supervision over children using the sliding equipment. There are two answers to this contention: (1) In the instant case there is no causal relation between Robert's fall from the eight-foot platform and lack of supervision since it cannot reasonably be said that lack of the presence of an attendant was a direct and proximate cause of the accident, and (2) under the circumstances reasonable caution did not impose a duty of supervision upon the appellee. Fields v. Oberstein, 347 Mass. 777, 199 N.E.2d 534 (1964); Gleason v. Housing Authority of City of Pittsburgh, 354 Pa. 381, 47 A.2d 129 (1946); and Blume v. City of Newburgh, 265 App.Div. 965, 38 N.Y.S.2d 950, 291 N.Y. 739, 52 N.E.2d 958 (1943). Also see 4 Am.Jur.2d, Amusements and Exhibitions, Section 94, page 217.

Prior to the trial Robert's (appellant's) counsel, by interrogatories, sought to elicit from appellee the names and addresses of all persons who claimed to have fallen or been pushed from appellee's sliding equipment since it was installed. The trial court sustained objections to the interrogatories. Appellant contends that this ruling was erroneous and prejudicial.

 Since we have recently held that the scope of interrogatories is not confined to evidence admissible at trial, but may extend to information that may lead to the discovery of admissible evidence, we find the trial court's ruling was erroneous. However, we believe this error was nonprejudicial. Since Robert testified he was pushed off the slide, the information sought to be obtained by the interrogatories could not possibly have raised a submissible

issue because evidence of previous accidents on the sliding equipment would not tend to prove Robert's claim of negligence in this particular case.

After a review of the record we find that the trial court properly directed a verdict in appellee's favor.

The judgment is affirmed.

All concur.