GLADYS L. BUTEAU *vs*. NORFOLK COUNTY RETIREMENT
BOARD.

Suffolk.    April 20, 1979. — September 28, 1979.

Present: KEVILLE, GOODMAN, & GREANEY, JJ.

*County. Retirement. State Administrative Procedure Act. Administrative Law*, Exhaustion of remedies.

A county retirement board is not an "agency" as defined in G. L.
    c. 30A, § 1(2), and therefore a decision of such a board is not subject
    to review under c. 30A, § 14. [392]
The proper remedy for a denial of benefits under G. L. c. 32, § 100, by
    a county retirement board is by appeal to the Contributory Retirement Appeal Board. [393]
Where a plaintiff failed to exhaust her administrative remedies for
    review of the denial of benefits under G. L. c. 32, § 100, by a county
    retirement board prior to bringing an action under c. 30A, § 14,
    this court dismissed the action without prejudice. [393-395]

CIVIL ACTION commenced in the Superior Court on
November 10, 1976.

The case was heard by *Bonin*, C.J.

*John A. O'Leary* for the plaintiff.

*James R. DeGiacomo* (*Judith K. Wyman* with him) for
the defendant.

GOODMAN, J. The plaintiff in this case is the widow of
a firefighter who died of a heart attack; death occurred
about two hours after the firefighter responded to an
emergency during which he administered first aid to a
choking child. It is undisputed that the firefighter's heart
attack and death were caused by his exertion at that
emergency. Upon application to the defendant (board),
the plaintiff was awarded the benefits provided by G. L.
c. 32, § 9, but was denied the higher benefits provided by
G. L. c. 32, § 100. The plaintiff then brought an action for

judicial review of the denial, purportedly pursuant to the State Administrative Procedure Act, G. L. c. 30A, § 14.

The obvious difficulty with this action is that the defendant is not an "agency" as defined in G. L. c. 30A, § 1(2); and therefore the proceeding sought to be reviewed is not an "adjudicatory proceeding" (as defined in § 1[1]) subject to review under G. L. c. 30A, § 14. The board is not a "department, board, commission, division or authority of the state government," nor is it a "subdivision of any of the foregoing." G. L. c. 30A, § 1(2), as amended through St. 1978, c. 552, § 13. Its jurisdiction is to administer a particular county retirement system, "in general, an independent unit having its own separate assets and liabilities." *O'Connor* v. *County of Bristol*, 329 Mass. 741, 746 (1953). G. L. c. 32, § 20(3). Such a board functions with respect to employees of a county (and certain towns; G. L. c. 32, § 28[3] [*b*]) as part of the administration of a county, an entity characterized as "a municipal corporation" (*Essex County* v. *Salem*, 153 Mass. 141, 142 [1891]; *Goodale* v. *County Commrs. of Worcester*, 277 Mass. 144, 148-149 [1931]), which like a city or town is a "territorial subdivision of the State bounded and organized by the Legislature for political purposes and the administration of government." *Goodale* v. *County Commrs. of Worcester, supra* at 148. A county body is thus no more an "agency" subject to G. L. c. 30A than a city or town body. See *Dixie's Bar, Inc.* v. *Boston Licensing Bd.*, 357 Mass. 699, 702 (1970); *United Food Corp.* v. *Alcoholic Beverages Control Commn.*, 375 Mass. 238, 242 (1978); *Brignoli* v. *Boston,* 1 Mass. App. Ct. 829 (1973); *Chase* v. *Planning Bd. of Watertown,* 4 Mass. App. Ct. 430, (1976). Nor has it ever been thought that such local bodies are subject to the detailed provisions for rule making and hearings embodied in G. L. c. 30A. See Rep. A. G., Pub. Doc. No. 12, at 43, 61 (1962) ("Application of 'Administrative Procedure Act,' to State agencies and schedule of agencies in their relation thereto") which lists the Contributory Retirement Appeal Board established pursuant to G. L. c. 32, § 16(4), but no county body.

Further, the plaintiff has not exhausted her administrative remedy for denial of benefits under § 100. Her remedy was by appeal to the Contributory Retirement Appeal Board. G. L. c. 32, § 16(4). See *Baruffaldi* v. *Contributory Retirement Appeal Bd.*, 337 Mass. 495 (1958); *McCarthy* v. *Contributory Retirement Appeal Bd.*, 342 Mass. 45 (1961); *State Bd. of Retirement* v. *Contributory Retirement Appeal Bd.*, 342 Mass. 58 (1961); *Teachers'· Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 346 Mass. 663 (1964); *Easthampton Contributory Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 347 Mass. 777 (1964) — cases in which the Supreme Judicial Court has reviewed decisions of the Contributory Retirement Appeal Board with reference to widow's benefits under the parallel provision of G. L. c. 32, § 9.

Neither of the parties has raised these matters (see *Assuncao's Case*, 372 Mass. 6 [1977]). Rather, they entered into an "Agreed Statement of Material Facts," presumably pursuant to G. L. c. 30A, § 14(4) (c), as amended by St. 1976, c. 411, §§ 1 & 2, providing for review on "a statement of the case agreed to by the agency and the parties." This statement set out the proceedings and stipulated that: "If the circumstances surrounding the death of Lt. Buteau, as set forth above, constitute an 'accident' or injury as those terms are used in c. 32, § 100, then his widow is entitled to the benefits provided in that section. If the events described do not constitute an 'accident' or 'injury' within the terms of the statute, then the plaintiff, who is receiving benefits pursuant to G. L. c. 32, § 9, is entitled to nothing further, and the suit should be dismissed." We take that to mean that the board agrees to reconsider its decision if the firefighter's death as a result of a heart attack can, as a matter of the construction of G. L. c. 32, § 100, be the result of "injuries" sustained by the firefighter. However, the defendant's brief does not argue that death from a heart attack could not be construed as death from "injuries" within the meaning of § 100. It has apparently abandoned that ground for deci-

sion — as well it might, since that view is very likely erroneous. *Teachers' Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 346 Mass. 663 (1964). *Easthampton Contributory Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 347 Mass. 777 (1964). See *Baruffaldi* v. *Contributory Retirement Appeal Bd.*, 337 Mass. 495 (1958). That the relationship of the heart attack to the plaintiff's duty must be proved without the benefit of the presumption of G. L. c. 32, § 94, does not make the heart attack any the less an "injury."

The defendant instead raises two different issues: (1) whether § 100 requires an "accident" rather than merely an "injury" at the scene of the emergency and (2) whether, assuming an "injury" is sufficient, it was sustained "while at the scene of . . . any emergency" within the meaning of G. L. c. 32, § 100, as amended through St. 1978, c. 487, § 18.[1]

However, we do not decide these questions because we believe this is a particularly appropriate case in which to apply the doctrine of exhaustion of administrative remedies and to refrain from "frustrating the statutory scheme" (*Gallo* v. *Division of Water Pollution Control*, 374 Mass. 278, 288 [1978]) by bypassing the Contributory Retirement Appeal Board. The Contributory Retirement Appeal Board has been given broad fact-finding powers. *Quincy Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 340 Mass. 56, 61 (1959). *Masiello* v. *Contributory Retirement Appeal Bd.*, 360 Mass. 856, 857 (1971). "[A] court should not act upon subject matter peculiarly within the agency's specialized field without taking into account what the agency has to offer . . . ." *Nelson* v. *Blue Shield of Mass., Inc.*, 377 Mass. 746, 753 (1979). *Selectmen of Framingham* v. *Civil Serv. Commn.*, 366 Mass. 547, 554 (1974). The subject matter and the ad-

---

[1] At oral argument the defendant agreed that if the first issue should be decided against the defendant it would be fair to remand the matter to the board for additional evidence on the second issue.

ministrative procedure here involved make pertinent the considerations applicable in the administration of the Workmen's Compensation Act where "[t]he policies underlying the exhaustion doctrine have been particularly applicable." *Assuncao's Case*, 372 Mass. at 9. The issues tendered by the defendant are not matters of jurisdiction (contrast *Saint Luke's Hosp.* v. *Labor Relations Commn.*, 320 Mass. 467, 468 [1946]; *Lahey Clinic Foundation, Inc.* v. *Health Facilities Appeals Bd.*, 376 Mass. 359, 371-372 [1978]; but see *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination,* 364 Mass. 444, 450 [1973]). Nor are they questions of law in which administrative fact finding is not implicated. Contrast *Gallagher* v. *Metropolitan District Commn.*, 371 Mass. 691, 699 (1977); *Murphy* v. *Administrator of the Div. of Personnel Admn.*, 377 Mass. 217, 221-222 (1979).

In any event the action must be dismissed. *Brignoli* v. *Boston*, 1 Mass. App. Ct. 829 (1973). See *Nelson* v. *Blue Shield of Mass., Inc.*, 377 Mass. 746, 754-755 (1979). The State Administrative Procedure Act does not give us power to review the defendant's decision, and the consent of the parties cannot enlarge the scope of the act. However, in view of the defendant's stipulation (see also note 1, *supra*) and the questionable basis for the decision, the dismissal is without prejudice, and we assume that the defendant will reconsider its decision and enter a new decision which the plaintiff, if aggrieved thereby, may be able to appeal under G. L. c. 32, § 16(4).

The present judgment "denying all relief," being inappropriate (cf. *Duato* v. *Commissioner of Pub. Welfare*, 359 Mass. 635, 639, 641-642 [1971]), is reversed, and a new judgment is to be entered dismissing the action. Costs shall be taxed to neither party.

*So ordered.*