IRENE GASSKO *vs.* COMMISSIONER OF PUBLIC WELFARE.[1] August 15, 1997. *Aid to Families with Dependent Children. Public Welfare,* Child care reimbursement. *Words,* "Employed."

The plaintiff, Irene Gassko, a recipient of Aid to Families with Dependent Children (AFDC) under 106 Code Mass. Regs. §§ 301.000 et seq. (1997),[2] appeals from a decision of the Superior Court affirming a decision of a welfare appeals referee of the Department of Public Welfare (department). The department denied the plaintiff's request for child care services while she was engaged as a research and teaching assistant at Boston University (university). In its decision, the department, citing 106 Code Mass. Regs. § 307.210(A) (1994), concluded that the plaintiff's employment plan under the Commonwealth's MassJOBS program (a State education and training program enacted pursuant to 42 U.S.C. §§ 681 et seq. [1994]) was not valid because she was no longer enrolled in an undergraduate course of study. See 106 Code Mass. Regs. § 307.220 (1993). The plaintiff sought judicial review of the department's decision in the Superior Court. G. L. c. 30A, § 14. A judge in the Superior Court affirmed the department's decision, concluding, on the basis of the whole administrative record, that the plaintiff's claim was governed by a previous department decision, which decided that the income from the plaintiff's position at the university was "non-countable" because it constituted reimbursement for educational expenses incurred in the plaintiff's pursuit of a combined bachelor's and doctoral degree. See 106 Code Mass. Regs. § 304.250(I) (1995). The judge reasoned that, if the income from the plaintiff's position was "non-countable," she could not be considered "employed," and as a consequence she was not entitled to child care expenses.

The plaintiff's argument, that she must prevail because the department has failed to enact an appropriate regulation to guarantee child care benefits to AFDC recipients who are employed, is irrelevant to the determination of the appeal. Even if the most applicable regulation, 106 Code Mass. Regs. § 307.210(A)(1)(c), did not specifically guarantee such benefits, the regulation would have to be construed consistently with the applicable Federal law, see 45 C.F.R. § 255.2(a)(1) (1996), which guarantees child care for a dependent child to the extent such child care is necessary to permit an AFDC-

---

[1]The Department of Public Welfare is now the Department of Transitional Assistance. See St. 1995, c. 5, § 41.

[2]The case was argued before the department in 1993, and the appeal before the Superior Court was decided in 1994. In 1995, some of the governing State regulations were amended. For ease of reference, we refer to the current version of the State regulations where only the citation for the applicable regulations was altered and not the contents. Where the content of the regulation was amended, we refer to the regulation in existence at the time of the plaintiff's hearing before the department.

eligible family member to accept or remain employed. See *Healey* v. *Commissioner of Pub. Welfare*, 414 Mass. 18, 22 n.4 (1992). Cf. *Miller* v. *Carlson*, 768 F. Supp. 1331, 1338 (N.D. Cal. 1991).[3]

Based on the entire administrative record, the judge concluded that the plaintiff was not "employed." The department's interpretation of the term "employment" is entitled to respect unless legally erroneous. See *Nuclear Metals, Inc.* v. *Low-Level Radioactive Waste Mgt. Bd.*, 421 Mass. 196, 211 (1995); *Zavaglia* v. *Contributory Retirement Appeal Bd.*, 345 Mass. 483 (1963). However, there appears to be no statutory or regulatory definition of the term. The issue is whether the payments received by the plaintiff from her position at the university fit the definition of "earned income" provided in 45 C.F.R. § 233.20 (1996). If the plaintiff's earnings cannot be considered earned income, she cannot be considered "employed" as contemplated in the Federal statutory and regulatory scheme.

We agree that the plaintiff was not "employed" because her income had been considered by the department in a prior decision to be "non-countable." As the plaintiff admitted: "My compensation is paid under a teaching fellowship funded to enable me to pay for educational expenses that I could not otherwise afford." In its prior decision, the department properly concluded that this income was "non-countable" because it constituted "[r]eimbursement payments for education expenses." See 106 Code Mass. Regs. § 304.250 (I). Non-countable income does not constitute "earned income" for the purposes of AFDC eligibility. See 45 C.F.R. § 233.20(a)(6)(iii); *Dickenson* v. *Petit*, 536 F. Supp. 1100, 1115-1116 n.13 (D. Me.), aff'd, 692 F.2d 177 (1st Cir. 1982) (construing Federal regulations governing eligibility determinations as requiring exclusion of income from sources neither actually applied, nor required by law to be applied, to support of AFDC unit whose needs are being considered). See also *Figueroa* v. *Sunn*, 884 F.2d 1290, 1293 (9th Cir. 1989) (for purposes of determining AFDC eligibility, income excluded from "earned income" not analogous to wages). As the plaintiff was not "employed" for purposes of determining her eligibility for AFDC benefits, she could not be considered "employed" for the purposes of determining her eligibility for child care reimbursement.

*Judgment affirmed.*

The case was submitted on briefs.

*William F. Kahn* for the plaintiff.

*Thomas E. Noonan & Ruth Greenholz* for the Commissioner of Public Welfare.

---

[3]The provision of the Family Support Act of 1988, 42 U.S.C. § 602(g)(1)(A)(i)(I) (1994), that mandated child care benefits for employed AFDC recipients and under which the applicable Federal regulation was promulgated, was repealed in August, 1996. Pub. L. 104-193, Title I, § 103(c)(1), 101 Stat. 2161 (1996). Thus the resolution of this case has limited impact, as no AFDC recipient in the plaintiff's circumstances will be able to claim such benefits in the future.